### McBEE v. McBEE.　(No. 6863.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 17, 1923. Rehearing Denied Feb. 7, 1923.)

**1. Divorce ☞27(18)—Husband's conduct held to warrant divorce.**

A husband's conduct, during most of 17 years, in charging his wife with infidelity, applying vile epithets to her, assaulting her at times, and denying the paternity of their child. *held* such as to render living with him longer insupportable by her.

**2. Appeal and error ☞742(2)—Vague and indefinite assignments of error not considered.**

Grouped assignments of error referring to different exceptions, which assignments were vague and indefinite, as were the propositions thereunder, should not be considered.

**3. Trial ☞251(1)—Submission of issue not raised by pleadings properly refused.**

The court properly refused to present to the jury an issue not raised by the pleadings.

**4. Divorce ☞127(3)—Testimony of neither spouse need be corroborated.**

The statute does not require that the testimony of either spouse be corroborated in a divorce suit.

Appeal from District Court, Val Verde County; Joseph Jones, Judge.

Suit by Fannie McBee against B. H. McBee. Judgment for plaintiff, and defendant appeals. Affirmed.

L. Old, of Uvalde, for appellant.
Boggess, Smith & LaCrosse, of Del Rio, for appellee.

FLY, C. J. This is a suit for divorce and to recover certain separate property and to partition certain community property and for the custody of a child instituted by appellee against appellant. The cause was submitted to a jury on special issues, and upon the answers thereto judgment was rendered in favor of appellee divorcing her from appellant, giving her the custody of her son Marnie McBee, about 10 years of age, decreeing to her the real estate sued for by her in McCullough county, and a partition of the community personal property.

[1] The parties were married on April 20, 1904, and lived together as man and wife for 17 years, during most of which time, if the testimony of appellee is to be credited, appellant treated appellee in the most brutal and savage manner, charging her with infidelity, applying the vilest epithets to her, assaulting her at times, and denying the paternity of the child. At last, in March or April, 1921, she left him and went to Val Verde county. When she married, appellee had not reached the age of 15 years. Appellant denied her charges against him, but the jury accepted her version of his conduct, which was in some slight particulars corroborated by other witnesses. We conclude that appellant's conduct through a series of years was such as rendered living with him longer insupportable on the part of appellee.

[2] The first, second, third, fourth, and fifth assignments of error, although referring to different exceptions to different parts of the petition, are grouped. They are vague and indefinite, as are the two propositions underneath them. They should not be considered, but we do not think the court erred in overruling the exceptions.

The sixth assignment of error is overruled. The acts of cruelty are specifically alleged, and the exception to the petition was properly overruled.

[3] The seventh and eighth assignments of error are without merit. The court properly refused to present the two issues named in the assignments to the jury. The deed conveyed the 20 acres, called a surplus, to appellee, with the other portion of the land, and there was no issue raised by the pleadings as to the 20 acres.

The charge of the court was sufficient as to the burden of proof and the additional charge asked by appellant was properly refused.

[4] The statute does not require that the testimony of either spouse be corroborated in a divorce suit, and the tenth assignment of error is overruled. However, appellee was corroborated in some particulars of her testimony. There is nothing in the evidence of appellee that tends to raise any suspicion as to its being true. We deem the proof full and satisfactory.

The judgment is affirmed.