### WYNN v. WYNN.    (No. 2700.)

(Court of Civil Appeals of Texas. Texarkana. May 15, 1923. Rehearing Denied May 17, 1923.)

**1. Divorce ⊜⇒91 — Allegation that petitioner was bona fide "inhabitant" held sufficient as equivalent to allegation of being "actual bona fide inhabitant."**

Under Vernon's Ann. Civ. St. Supp. 1922, art. 4632, as amended providing that a petitioner in a suit for a divorce must be an actual bona fide inhabitant of the state for 12 months, an allegation in a petition for divorce that the petitioner was and had been a bona fide inhabitant of the state for more than 12 months was sufficient, being equivalent to an allegation that she was an actual inhabitant, since "inhabitant" as used in the statute means one who dwells in,

the state, as distinguished from one who merely visits it expecting to leave when the purpose of the visit is accomplished, and a "bona fide inhabitant" is necessarily an actual inhabitant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inhabitancy—Inhabitant; Second Series, Actual bona fide resident.]

2. Divorce ☜127(3)—May be granted on uncorroborated testimony of petitioner.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4633, a divorce may be granted on the uncorroborated testimony of the petitioner.

Appeal from District Court, Hopkins County; Geo. B. Hall, Judge.

Suit by Nettie Wynn against George Wynn. From a decree for plaintiff, defendant appeals. Affirmed.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellant.

Connor & Ramey, of Sulphur Springs, for appellee.

WILLSON, C. J. This appeal is from a judgment granting appellee, plaintiff in the court below, a divorce from appellant on the ground of cruel treatment by him toward her, and directing a partition of property which the court found belonged to the community estate between them.

The findings of the jury on special issues submitted to them warranted the judgment rendered. Appellant does not contend to the contrary, but insists the judgment should be reversed because, first, he says it did not appear from the allegations in appellee's petition that she was entitled to maintain the suit; and, second, because he says the findings of the jury were not supported by the testimony.

[1] The statute provides that no suit for divorce shall be maintained "unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state for a period of twelve months, and shall have resided in the county where the suit is filed six months next preceding the filing of the suit." Article 4632, Vernon's Statutes, as amended in March, 1921. In her petition appellee alleged that she "is a bona fide inhabitant of the state of Texas, and has been for more than 12 months prior hereto, and she is a resident of Hopkins county, and has been for more than 6 months prior hereto."

The contention that the allegations in the petition did not show a right in appellee to maintain the suit is predicated on her failure to allege that she was an actual bona fide inhabitant of the state for the time specified. We think the allegation was sufficient, and that the authorities cited by appellant, to wit, Motes v. Motes (Tex. Civ. App.) 229 S. W. 432, and Gould v. Gould (Tex. Civ. App.)

244 S. W. 574, do not hold to the contrary. The ruling in the Motes Case was based on the fact that the plaintiff did not allege that she had been an inhabitant of the state for twelve months, "but only," the court said, "that she was such inhabitant at the time the suit was filed." The allegation in the petition in the Gould Case was that the plaintiff was a bona fide inhabitant of the state, and had resided therein for more than twelve months. The ruling was, in effect, that the allegation that the plaintiff had "resided in the state for more than 12 months" did not show that she was an actual bona fide inhabitant of the state during that time. It is apparent that, on the view the court took of the allegation, it was merely, as in the Motes Case, that the plaintiff was an inhabitant of the state only at the time she filed her suit. The objection urged to the petition in the instant case was the same as that urged in Coward v. Stufin (Tex. Civ. App.) 185 S. W. 378, it seems. It was overruled in that case on the ground that the allegation was a substantial compliance with the requirement of the statute. "Inhabitant" as used in the statute, we think, means one who dwells in this state as distinguished from one who merely visits it expecting to leave when the purpose of the visit is accomplished. "A bona fide inhabitant" is, we think, necessarily an "actual" inhabitant; and an allegation in a petition in a divorce suit that the plaintiff is "a bona fide inhabitant" is the equivalent, we think, of an allegation that the plaintiff is an "actual" inhabitant of the state.

[2] The contention with reference to the testimony is that it did not sufficiently appear therefrom (1) that appellee was a resident of Hopkins county at the time the suit was commenced; (2) that grounds entitling her to a divorce existed; and (3) that the 55 acres of land which the court directed to be partitioned belonged to the community estate between appellant and appellee. We read all the testimony in the record and concluded at once that it sufficiently appeared therefrom that appellee was a resident of Hopkins county at the time stated, and that the 55 acres belonged to the community estate between her and appellant. We had doubt as to whether the testimony constituted the "full and satisfactory evidence" contemplated by the statute (article 4633, Vernon's Sayles' Ann. Civ. St. 1914) of a right of appellee to a divorce, but have concluded it did. It appeared that, after living together about 23 years, the parties separated in June, 1921, appellee leaving appellant because of treatment he subjected her to. Appellee then commenced suit for a divorce, but in a few days after instituting it was induced by promises of appellant to treat her right if she would do so, to abandon the suit, and return to live with him. He failed to

keep his promise, and in November, 1921, she separated from him again. She commenced this suit by a petition filed January 24, 1922. The testimony she relied on to make a case which entitled her to relief was largely her own as a witness. If her testimony as to the treatment appellant subjected her to and her explanation of her own conduct with reference thereto, were true, we think she was entitled to a divorce. The jury and the trial court were in a better position than we are to say whether same were true or not. We do not agree with appellant that a divorce cannot be granted on the uncorroborated testimony of the party seeking it. The Court of Civil Appeals for the Fourth District seems to have so held in Lohmuller v. Lohmuller (Tex. Civ. App.) 135 S. W. 751; but the same court, in an opinion by the same judge who wrote the opinion in the Lohmuller Case, held to the contrary in McBee v. McBee (Tex. Civ. App.) 247 S. W. 588. In the case first mentioned the court seems to have overlooked the statute (article 4633, Vernon's Sayles' Ann. Civ. St. 1914) which, as we understand it, not only does not require corroboration of such testimony, but in effect declares a divorce may be granted on it alone.

The judgment is affirmed.