## McCULLOUGH v. McCULLOUGH.
### (No. 3245.)

Court of Civil Appeals of Texas. Amarillo.
May 29, 1929.

Rehearing Denied Oct. 9, 1929.

Cook, Cook & Donaghey and Storey, Leak & Storey, all of Vernon, for appellant.

Marvin C. Culbertson, of Vernon, for appellee.

HALL, C. J. The appellee sued appellant for divorce upon the ground that defendant had been guilty of excesses, cruel treatment, and outrages toward her of such a nature as to render their living together insupportable.

The record shows that they were married September 16, 1922, and separated February 15, 1923. Following the allegations of the statutory grounds above stated, the plaintiff alleged: That soon after their marriage, the defendant denied her the privilege of seeing some of her kinfolks and refused in a threatening manner to permit her brother-in-law to come on the premises where they resided with the defendant's father and mother. That he denied plaintiff the privilege of seeing her girl friends and schoolmates, because, as stated by him, they were country girls. That they resided with the defendant's parents during the period of their married life until the date of their separation. That defendant was a very indolent man, failed to provide her with clothing or the necessaries of life, and refused to move with her into a home of their own. That he was insanely jealous without cause

and would not take her to any place of amusement or entertainment and, on account of his jealousy, would come home fussing, quarreling, and threatening her friends and relatives, and kept her in a state of unrest and fear for her safety and the safety of her friends and relatives. That from his conduct and treatment, she feared that defendant would do her bodily injury or injure her father and other relatives and she was kept in a nervous state by his repeated threats. That on account of said treatment, he rendered it unsafe for plaintiff to live with him or remain within reach of his violence. That about three months prior to the date of their separation, defendant told plaintiff in a threatening manner that he would get her father and relatives, indicating that he would do them great bodily injury, and stated that he would get even with her, which caused her to believe that he was going to do her bodily injury, and thereby kept her in a state of fear and terror to the day of separation. That about the time he commenced to threaten plaintiff's relatives and to get even with plaintiff, he became less affectionate and seemed to care less and less for her until the date of their separation. That his threats and treatment caused plaintiff great physical suffering and caused her to be extremely nervous, and as a result of such nervousness, plaintiff cried a great deal of the time during the last two months she lived with defendant and she did not recover from her nervousness until about three months after their separation. That defendant was physically able to execute the threats he made, that he was very high tempered, and when he would get angry she could not reason with him, and because he was insanely jealous, kept her in a state of fear that he would do her bodily injury, as well as injury to her friends. That all of his threats were made without any provocation on the part of plaintiff and she was put in fear of her life. That since the date of their separation, defendant has been bothering and harassing the plaintiff and trying to compel her to return to him, has been sending messages requesting her to meet him and talk with him privately about returning to his home. That she has been advised by friends and officers not to talk with him alone for fear that he would do her bodily injury. That he has tried to get some of her friends to take her out riding in his car in order that he could get her away from the place where she is working and carry her off, and that said friends have told her that he had planned to do this on several occasions but they had refused to assist him. That plaintiff has been working as a student nurse for over three years in a local hospital, where she has been earning her own living and paying her expenses. That during this time the defendant has threatened the owner of the hospital and tried to compel him to discharge her as a nurse and threatened to cause trouble if this was not done—all of which threats have kept plaintiff in a state of fear.

The defendant answered by general demurrer and a general denial.

█ The first proposition urged is that the petition is insufficient as against a general demurrer.

We think the petition is sufficient and overrule this proposition. Sheffield v. Sheffield, 3 Tex. 79.

A petition in a suit for divorce on the ground of cruel treatment need not allege physical violence. Burt v. Burt (Tex. Civ. App.) 261 S. W. 407. As stated by Judge Hemphill in the Sheffield Case, it cannot be doubted that a series of studied vexations and deliberate insults and provocations would, under the statute, be sufficient cause for divorce without apprehension of personal violence or bodily hurt. This would constitute the intolerant treatment contemplated by the statute. Wright v. Wright, 6 Tex. 3; Jones v. Jones, 60 Tex. 451; Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107; Dawson v. Dawson, 63 Tex. Civ. App. 168, 132 S. W. 379; Erwin v. Erwin (Tex. Civ. App.) 231 S. W. 834.

The plaintiff alleges that she apprehends personal violence, because of the defendant's threats therein specifically set out.

█ The appellant further insists that the court should have directed a judgment in his favor because the evidence introduced is insufficient to establish the grounds of divorce alleged. The court submitted the issue to the jury whether defendant had been guilty of cruel treatment, etc., of such a nature as to render their living together insupportable, and the jury answered, "Yes," and further found, in response to a second special issue, that defendant had been guilty of conduct toward the plaintiff of such a nature as to cause a reasonable apprehension that he would do her serious bodily harm if she should return to and live with him.

The plaintiff's testimony fully sustains the allegations of the petition. In corroboration, she introduced as a witness the 14 year old niece of the defendant, who was living with the defendant's father and mother at the time plaintiff and defendant resided there. This witness testified that she saw plaintiff and defendant every day, that they had their own room and took meals with the whole family, and that she saw plaintiff crying on quite a few occasions while she was there; that she cried during the last month they were living together; that she asked plaintiff what the trouble was, but plaintiff would not tell. This testimony has very little probative force.

Under Rev. St. 1925, arts. 4632 and 4633, a divorce decree should not be rendered except upon full and satisfactory evidence, but the jury or court trying the facts, where the husband or wife testifies, must determine the

credibility of such witnesses and the weight to be given to such testimony. The jury heard the testimony and saw plaintiff's manner of testifying, and the trial court overruled the motion for a rehearing. Under such circumstances, we do not feel authorized to reverse the judgment.

The statute does not require that the testimony of either spouse be corroborated in a divorce suit. McBee v. McBee (Tex. Civ. App.) 247 S. W. 588; Wynn v. Wynn (Tex. Civ. App.) 251 S. W. 349; Tinnon v. Tinnon (Tex. Civ. App.) 278 S. W. 288.

It is held that material corroboration is required when one spouse testifies against the other and that a divorce granted on practically uncorroborated testimony of the complaining party, where the defendant denied the alleged wrongful acts, was improperly granted. Blake v. Blake (Tex. Civ. App.) 263 S. W. 1075; Lawson v. Lawson (Tex. Civ. App.) 293 S. W. 336.

Although the defendant filed an answer, he did not testify as a witness, nor did he introduce any testimony controverting the evidence of the plaintiff. The record fails to explain his failure to testify, and the general rule is that the failure of a party to testify raises a strong presumption against such party.

Because no reversible error is shown, the judgment is affirmed.