## LOWERY v. LOWERY.

### No. 3583.

Court of Civil Appeals of Texas. Beaumont.

Jan. 4, 1940.

Rehearing Denied Jan. 17, 1940.

Baker & DeLee, of Port Arthur, for appellant.

J. R. McDougald and J. R. Beck, both of Beaumont, for appellee.

WALKER, Chief Justice.

In the lower court Mrs. Velma Lillian Lowery, appellee, was decreed a divorce from her husband, Oscar Leslie Lowery, appellant, the custody of their minor son, John Leslie Lowery, the household effects belonging to the community, the title and possession of lot 12, block 513, Model Addition, City of Port Arthur, owned by the community, and one Chevrolet sedan. Appellant makes the following points against the judgment:

(a) Notwithstanding appellant had duly filed his answer, the case was called for trial and judgment entered as on default without a setting by the court of the case for trial. Appellee's counter proposition is that appellant had not filed an answer to the merits of the case, but the answer filed was only in response to the "show cause" order on appellee's prayer for temporary

alimony. We agree with appellant that the answer was in effect an answer to the merits, and that under Sec. 18, Art. 2092, R.C.S. 1925, the case should have been set for trial and he should have been given notice of the setting. But this conclusion does not support appellant's proposition of error. The judgment was rendered on the 8th day of March, 1939, the original motion for a new trial was filed on the 9th day and the amended motion on the 28th day of March. In his motion for new trial, appellant failed to allege a meritorious defense. Speaking for the Austin Court of Civil Appeals in Sneed v. Sneed, 296 S.W. 643, 645, a divorce case, Chief Justice McClendon said: "Two elements are essential to the legal right to have set aside a judgment, which has been rendered in the absence of a party or his counsel, namely, (1) legal excuse for failure to appear and defend; and (2) a meritorious defense. Lawther Grain Co. v. Winniford (Tex.Com.App.) 249 S.W. 195."

■■ (b) The second point is that the divorce was granted on appellee's uncorroborated testimony. The law seems to be that corroboration is not required. 15 Tex. Jur. 552; McBee v. McBee, Tex.Civ.App., 247 S.W. 588; Wynn v. Wynn, Tex.Civ. App., 251 S.W. 349; McCullough v. McCullough, Tex.Civ.App., 20 S.W.2d 224; Id., 120 Tex. 209, 36 S.W.2d 459; Id., Tex.Civ. App., 39 S.W.2d 105; Cooksey v. Cooksey, Tex.Civ.App., 40 S.W.2d 947. But if corroboration were required, the record would support the judgment. Appellee's testimony was clear and unequivocal on the issues of cruel treatment; she had lived for many years in her father's home. Corroborating her testimony, the father testified that her statements were "generally" true. 15 Tex. Jur. 554.

■ (c) We sustain the point that the court erred in awarding appellee title to the lot in controversy. It was all the real estate owned by the community. While in divorce cases the court has power to partition the community estate, it does not have the power to divest title to all the real estate out of one party and invest the title in the other party. Art. 4638, R.C.S.1925; Reasonover v. Reasonover, Tex.Civ.App., 59 S.W.2d 887.

■ (d) Appellee's pleadings did not put in issue the title to the automobile; it simply was not mentioned in her petition. She testified that it was her separate property, given to her by her father, and on this testimony the court awarded her the

title. In this respect, the judgment is without support in the pleadings.

The judgment of the lower court awarding appellee the divorce, the custody of the minor son, and the title to the household effects of the community, is affirmed; in so far as the judgment awarded appellee title to the lot in controversy and to the automobile, it is reversed and remanded for a new trial.

Affirmed in part and in part reversed and remanded.