## DAY v. DAY.
### No. 2031.

Court of Civil Appeals of Texas. Eastland.

June 26, 1940.

Rehearing Denied July 19, 1940.

W. D. R. Owen, of Eastland, and John C. Hoyo, of San Antonio, for appellant.

M. E. Lawrence, of Eastland, for appellee.

GRISSOM, Justice.

On March 8, 1938, judgment was rendered in this cause granting Sam J. Day a divorce from Rose Winkler Day. That judgment was based upon citation by publication. The court appointed an attorney to represent said defendant so cited. He filed an answer consisting of a general demurrer and a general denial. In less than two years after the rendition of said judgment defendant filed her motion for a new trial, or bill of review, as authorized by Art. 2236, R.S.1936. On the 9th day of June, 1939, a new trial was granted and the divorce case was re-tried. Judgment was rendered granting plaintiff a divorce and awarding certain money to defendant. The defendant has appealed.

On June 9, 1939, defendant filed a pleading denominated a trial amendment, consisting of exceptions (which defendant refers to in her brief as general exceptions) to the effect that plaintiff's allegations of cruel treatment consisted of mere conclusions of the pleader. Prior thereto, in her motion for a new trial, or bill of review, defendant had expressly adopted the pleading theretofore filed, at the former trial of the divorce suit, by the attorney appointed by the court to represent her, consisting of a general demurrer and a general denial. Said general demurrer (contained in her answer filed at the first trial) and said exceptions (filed by attorneys of defendant's own selection at the time of the hearing of defendant's motion for new trial and second trial of the divorce case) were presented to and overruled by the court, and such action is assigned as error.

Article 2006, R.S.1925, provides, in substance, that a defendant may plead as many matters of law or fact pertinent to the cause as he may consider necessary for his defense, "provided, that he shall file them all at the same time and in due order of pleading." It is obvious that the exceptions were not filed at the same time as the general demurrer and general denial but were filed subsequent thereto and not in due order of pleading.

Under the situation disclosed defendant by first filing an answer to the merits of plaintiff's petition waived the

right to thereafter present such exceptions to the petition. District & County Court Rules 6 and 7, 142 S.W. xvii; Bennett v. Ross, Tex.Civ.App., 278 S.W. 314, 315; Camden Fire Ins. Ass'n v. Clark, Tex.Civ. App., 69 S.W.2d 463, writ dismissed; Drake v. Brander, 8 Tex. 351; Towner v. Sayre, 4 Tex. 28; Smoot's Texas Court Rules, 357, 360 and 362; 33 Tex.Jur. 559 & 525 et seq.; Arts. 2006 and 2012, R.S.1925; Townes' Texas Pleadings (2d Ed.) 529; Howard's Unknown Heirs v. Skolant, Tex. Civ.App., 162 S.W. 978; Hutchison v. First Nat. Bank, Tex.Civ.App., 67 S.W.2d 1052; Dickson v. Scharff, Tex.Civ.App., 142 S.W. 980, 981.

The question remains whether or not the petition was subject to a general demurrer.

■ Article 4629, R.S.1925, states one ground for divorce as follows: "1. Where either party is guilty of excesses, cruel treatment or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable." Plaintiff attempted to allege facts applicable to said statutory provision. He alleged that immediately after the marriage defendant began a course of improper and harsh treatment toward him; that she immediately began to call him vile and vulgar names and insulted him repeatedly, because she learned he was not as well fixed financially as she thought at the time of the marriage; that her religious belief was contrary to plaintiff's; that defendant informed the public she was not married to him, because the marriage vows were not solemnized according to the rules of her church, and said church would not solemnize their marriage because plaintiff had other children by a former marriage. That defendant's actions and conduct toward him generally, both in public and in private, were of such nature as to render their further living together insupportable. He alleged that by reason of said treatment he was forced to abandon defendant four days after they were married; that he stayed away from the defendant for twelve months when he again talked with her and she still maintained her former attitude toward and treatment of plaintiff.

The Supreme Court in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, held a petition in the language of the statute quoted was sufficient against a general demurrer. We think the petition, though inartistic and meager in its averments, contains substantial allegations of cruel treatment within the meaning of said statutory provision. Certainly it is much more definite in its allegations of cruel treatment than was the petition held sufficient in the McCullough case. Considered in the light of said decision of the Supreme Court, and giving effect to the established rule that in passing upon a general demurrer every reasonable intendment arising upon the petition excepted to shall be indulged in favor of its sufficiency, we are of the opinion the petition is sufficient as against a general demurrer. McGinness v. McGinness, Tex.Civ.App., 126 S.W.2d 673; Curry v. Curry, Tex.Civ.App., 122 S.W.2d 677; District & County Court Rule 17; Coffman v. Coffman, Tex.Civ.App., 83 S.W.2d 416; Renfro v. Renfro, Tex.Civ.App., 80 S.W.2d 348; Cooksey v. Cooksey, Tex.Civ.App., 40 S.W.2d 947; 33 Tex.Jur. 571.

■ Defendant presents propositions complaining of the court's findings of fact because such findings, she asserts, are based upon the uncorroborated testimony of the plaintiff. Plaintiff and defendant were the only witnesses. Upon the essential part of all material issues the testimony of the parties was in direct conflict. The trial court elected to believe the testimony of plaintiff. Corroboration is not required. Lowery v. Lowery, Tex.Civ.App., 136 S.W.2d 269, 270; Cooksey v. Cooksey, Tex.Civ.App., 40 S.W.2d 947; Tinnon v. Tinnon, Tex. Civ.App., 278 S.W. 288; Wynn v. Wynn, 251 S.W. 349. However, defendant introduced in evidence letters written by plaintiff to defendant prior to institution of the divorce suit in which he asserted defendant had called him "vile names."

■ Defendant's eleventh proposition is to the effect that the court's findings of fact were not supported by a preponderance of the evidence. Under the situation as heretofore stated, we think the trial court, if he believed plaintiff's testimony, was authorized to accord to it the greater weight and accept it as credible.

The judgment is affirmed.