NIX v. NIX.

No. 11905.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 24, 1948.

Rehearing Denied Jan. 5, 1949.

S. B. Carr, of Floresville, for appellant.

De Witt Murray, of Floresville, for appellee.

NORVELL, Justice.

This is an appeal from a decree awarding appellee, Opal Johns Nix a divorce from appellant, A. M. Nix. Trial was to the court without a jury.

Appellant's first four points, in effect, assert that it was not shown by full and satisfactory evidence that appellant had been guilty of cruel treatment toward his wife. Article 4629(1), Vernon's Ann.Civ.Stats.

█ We are unable to agree with appellant's contention. The trial court is the judge of the credibility of witnesses and in this case the appellee was certain and definite in her statements that she had been subjected to physical violence by the appellant upon a number of occasions. No useful purpose would be served by setting forth this testimony. It is sufficient to say that appellee testified that upon the day of the final separation appellant stated that "he wanted me to know that the only reason that he had married me when he did was because nobody else would have me, and that made me mad and I slapped him and we went together and then he threw me across the bed flat on my stomach and he got on top of me, astraddle of me, and beat me over the head with his hands; not one lick but quite a few. And I was in such a dazed condition I didn't know what happened for a while, and he hit me real hard over the ear and I thought he had damaged my mastoid, but I guess he didn't because I haven't had any more trouble with it."

Appellee also testified that after appellant threw her across the bed, "he said he realized he had lost me and he was going to beat hell out of me and he had wanted to do that for a long time and that would be his last chance."

According to appellee, she was confined to her bed for a period of five days as a result of this beating.

█ In our opinion, the evidence fully supports the trial court's conclusion that appellant's conduct was of such a nature as to render the parties' living together insupportable.

Appellant's points Nos. One to Four, inclusive, are overruled. Ballard v. Ballard, Tex.Civ.App., 186 S.W.2d 294, and authorities therein cited; Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297; Moon v. Moon, Tex.Civ.App., 186 S.W.2d 362; Brown v. Brown, Tex.Civ.App., 190 S.W. 2d 730; Finn v. Finn, Tex.Civ.App., 195 S.W.2d 679; Humphreys v. Humphreys, Tex.Civ.App., 200 S.W.2d 453; Tims v. Tims, Tex.Civ.App., 201 S.W.2d 865.

There was no error in the award of attorney's fees. Boyd v. Guinn, Tex.Civ. App., 44 S.W.2d 1112. We overrule appellant's fifth point.

The judgment is affirmed.