## ELLIS v. ELLIS.

### No. 11988.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 9, 1949.

Rehearing Denied Dec. 7, 1949.

Carroll, Pedigo & Wade, Corpus Christi, Richard D. Hatch, Aransas Pass, for appellant.

E. Garland Brown, Corpus Christi, L. Hamilton Lowe, Austin, Leo N. Duran, Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from a decree of divorce rendered in favor of plaintiff below, Evelyn Ellis.

After a trial to the court without a jury, judgment was rendered dissolving the marriage and effecting a division of the community property. It was recited in the judgment that all of the property held in the name of either of the parties was community property, and the court specifically found that an 8.3 acre tract of land in the town of Aransas Pass, together with all improvements thereon, was the community property of the parties. The improvements consisted of eight tourist cottages, together with furnishings, which the parties had built and were operating as a tourist court under the name of Harbor Village.

The court further found that the community property was not partible and that in order to make an equitable division thereof it was necessary to sell the same and divide the proceeds between the parties. A receiver of the community property was appointed to protect and preserve the estate and sell the properties and deliver the proceeds into court.

Appellant contends that the "full and satisfactory evidence" standard prescribed by Article 4632, Vernon's Ann.Civ. Stats., has not been met. The case on the facts is very similar to that of Nix v. Nix, Tex.Civ.App., 218 S.W.2d 242, recently decided by this Court, in that the wife testified that she had been subjected to repeated acts of physical violence upon the part of the husband; that her nose had been damaged by blows and it had been necessary for her to secure medical treatment as a result of the beatings to which she had been subjected. This testimony, although denied by appellant, was evidently believed by the trial judge, whose duty it was to pass upon the credibility of the witnesses. Mayen v. Mayen, Tex.Civ.App., 177 S.W. 2d 240; Moon v. Moon, Tex.Civ.App., 186 S.W.2d 362; Nix v. Nix, Tex.Civ.App., 218 S.W.2d 242, and authorities therein cited. It is now recognized by the great majority of the Courts of Civil Appeals, that "the statute does not require that the testimony of either spouse be corroborated in a divorce suit." McBee v. McBee, Tex.Civ.App., San Antonio, 247 S.W. 588; Rivers v. Rivers, Tex.Civ.App., Galveston, 133 S.W. 524; Crittenden v. Crittenden, Tex.Civ.App., Galveston, 214 S.W.2d 670; Hodges v. Hodges, Tex.Civ.App., Ft. Worth, 207 S.W.2d 943; Barrow v. Barrow, Tex.Civ.App., San Antonio, 97 S.W. 120; Mortensen v. Mortensen, Tex.Civ.

App., San Antonio, 186 S.W.2d 297; Tinnon v. Tinnon, Tex.Civ.App., Dallas, 278 S.W. 288; Finn v. Finn, Tex.Civ.App., Dallas, 195 S.W.2d 679, See also, Finn v. Bond, 145 Tex. 244, 197 S.W.2d 108; Wynn v. Wynn, Tex.Civ.App., Texarkana, 251 S.W. 349; Humphreys v. Humphreys, Tex.Civ.App., Texarkana, 200 S.W.2d 453; McCullough v. McCullough, TexCiv.App., Amarillo, 20 S.W.2d 224, Id., 120 Tex. 209, 36 S.W.2d 459; Best v. Best, Tex.Civ.App., Amarillo, 214 S.W.2d 806; Cooksey v. Cooksey, Tex.Civ.App., El Paso, 40 S.W.2d 947; Moore v. Moore, Tex.Civ.App., El Paso, 213 S.W.2d 724; Lowery v. Lowery, Tex.Civ.App., Beaumont, 136 S.W.2d 269; Black v. Black, Tex.Civ.App., Waco, 185 S.W.2d 476; Bell v. Bell, Tex.Civ.App., Eastland, 135 S.W.2d 546; Day v. Day, Tex.Civ.App., Eastland, 142 S.W.2d 394.

While corroboration is not deemed necessary as a matter of law to meet the full and satisfactory evidence rule, it is a matter which may properly be considered by the trial court, Mortensen v. Mortensen, supra, and we do not regard appellee's testimony here as being wholly uncorroborated. The appellant testified to a number of separations from his wife. It appears that after this suit was filed he entered a trailer-house situated in Refugio County which was then occupied by his wife, although he had been served with an injunction restraining him from molesting her in any way. As a result peace officers were called in. These officers testified at the trial. They had seen appellant at the trailer-house, and their testimony partially corroborates that of appellee. We overrule appellant's first and second points.

The judgment appealed from contains the following provision: "It is further Ordered, Adjudged and Decreed by the Court that all of the previous orders heretofore entered by this Court in this cause, whether they be designated as temporary orders, interlocutory orders ·or otherwise, that all of said orders, judgments or decrees be and the same are hereby continued in full force and effect until the final determination of this cause; and the Receiver, Arlin Yeager, is hereby ordered to pay to the plaintiff, Evelyn Ellis, the sum of One Hundred Sixty ($160.00) Dollars per month, beginning on the 1st day of March, 1949, and on the 1st day of each and every successive month thereafter, as temporary alimony pendente lite, and until the further (sic) determination of this cause."

■■ Appellant contends that the court erred in continuing in force its injunctive orders and the order for alimony pendente lite. The appeal in this case was perfected by the filing of a supersedeas bond. The property of the parties is being held by a receiver pending disposition of this appeal. In any case involving a division or partition of property, it is necessary to set aside certain specific properties or monies to parties after their shares have been determined by a preceding judgment. The trial court was authorized to provide for alimony payments until this appeal has been determined and the provisions of the judgment carried out,—until the final disposition of this suit, in other words. Ex parte Lohmuller, 103 Tex. 474, 129 S.W. 834, 29 L.R.A.,N.S., 303; Ex parte Hodges, 130 Tex. 280, 109 S.W.2d 964; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 126 S.W. 2d 626; Barry v. Barry, Tex. Civ.App., 162 S.W.2d 440.

We believe that, despite the use of the word "further" for the word "final" in the last line of the paragraph quoted, it was clearly the intention of the trial judge to provide for alimony pendente lite until the suit was finally disposed of. The decree appealed from is final in the sense that it is appealable despite the fact that further orders must be made to make its provision effective. Hargrove v. Insurance Inv. Corp., 142 Tex. 111, 176 S.W.2d 744. We overrule appellant's third point.

■■ We are unable to agree with appellant's fourth point wherein it is asserted that the evidence is insufficient to show that the tourist courts were not susceptible of partition in kind. It appears that these courts or cabins had been built and were being built according to a plan agreed upon by the parties. The construction of about fifteen cabins was originally contemplated, but only eight of them had been built at

the time suit was filed. These courts were designed for operation as a unit, and the trial court could properly conclude that the awarding of four cabins to each party would probably result in economic loss for both of them. The trial court did not abuse the discretion vested in it by law in ordering the tourist courts sold as a unit. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21.

Appellant's remaining points, Nos. 5 to 8, inclusive, raise but one fundamental contention, which is that the property here involved was not community property.

The parties to this suit had been married for about eighteen years; they had operated a photographic studio in the town of Killeen, Texas, and managed to accumulate a considerable amount of money. It seems that while living at Killeen the wife treated part of the money as being hers and used it as she saw fit. The husband also did the same with a part of said funds. There was, however, no written or formal agreement to divide the community property.

In 1946, the parties left Killeen and went to California. After they had been in California two or three months, the wife, although lacking the residential qualification prescribed by the California law, filed suit for divorce. She alleged in her complaint that she had been a resident of California for more than one year.

A property settlement agreement was entered into between the parties on November 13, 146, which provided that the money in the husband's possession should henceforth be his separate property, and the money in the wife's possession should henceforth be her separate property.

On November 18, 1946, an interlocutory decree was entered in which the property settlement agreed upon by the parties was approved. No final decree of divorce was ever applied for or obtained. Shortly after the date of the interlocutory decree the parties decided to return to Texas and resume marital relations. While the evidence is conflicting, Mrs. Ellis testified that the parties thereafter treated their funds as community property. Each placed money in a joint bank account and this money was used to build the tourist courts involved. In view of the trial court's holding we must accept as true the wife's version of the matter.

The mere fact that Mrs. Ellis, while in Killeen, Texas, exercised control over certain funds of the community with the consent of her husband would not convert said funds into separate property. It does not appear that a divorce or separation was contemplated at that time. The California proceedings were abortive; a divorce was never obtained, and the parties seemingly disregarded the property settlement agreement and never carried the same into effect.

In the recent case of Speckels v. Kneip, Tex.Civ.App., 170 S.W.2d 255, writ refused, the El Paso Court restated the rule applicable to agreements made in contemplation of divorce. The general rule is that such agreements are annulled by a subsequent reconciliation followed by resumption of marital relations. There is, however, an exception, which is, that an executed agreement is not vacated by reconciliation and resumption of marital relations by the spouses, if there be a provision to the contrary in the partition agreement, or such provision is made subsequently by the parties while they are living apart. The facts of this case bring it under the general rule and not the exception. Cox v. Mailander, Tex.Civ.App., 178 S.W. 1012; Hornsby v. Hornsby, 127 Tex. 474, 93 S.W.2d 379. The provisions of the amendment of Article 16, Section 15, of the Texas Constitution, Vernon's Ann.St., adopted November 2, 1948, are not applicable to this case. The only written agreement here involved was made in 1946, in connection with the California divorce proceedings.

The trial judge did not abuse his discretion in appointing a receiver in this case. Jones v. Jones, Tex.Civ.App., 211 S.W.2d 269.

All of appellant's points are overruled. The decree appealed from is affirmed.