## ROBINSON v. ROBINSON.

### No. 12155.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 29, 1950.

Rehearing Denied Jan. 10, 1951.

**NORVELL, Justice.**

This is an appeal from a judgment awarding the plaintiff, Elizabeth Robinson, a divorce from defendant, William Swift Robinson. The custody of a minor child, William Harvey Robinson, was awarded to the mother.

Trial was to the court without a jury and the trial judge, upon proper request, filed findings of fact and conclusions of law which support the judgment rendered.

The appellant, William Swift Robinson (defendant below), presents six points of error which do not specifically attack the findings of the trial judge, but assert propositions contrary thereto.

The trial judge found that appellant was guilty of cruel treatment and outrages toward appellee of such a nature as to render their further living together insupportable. By his first point, appellant asserts that the evidence of cruel treatment is not of that full and satisfactory character required by Article 4632, Vernon's Ann.Civ.Stats.

This point raises a question of fact to be passed upon by this Court, and "It is our duty to determine as to the quality of the evidence in this respect." Mayen v. Mayen, Tex.Civ.App., 177 S.W. 2d 240, 242. In determining whether or not the evidence meets the full and satisfactory test, however, our position differs from that of the trial court in that this Court has no authority to pass upon the credibility of witnesses. Bell v. Bell, Tex.Civ.App., 135 S.W.2d 546; Mayen v. Mayen, supra; Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297; Moore v. Moore, Tex.Civ.App., 213 S.W.2d 724; Nix v. Nix, Tex.Civ.App., 218 S.W.2d 242; Ellis v. Ellis, Tex.Civ.App., 225 S. W.2d 216.

In most cases where appellate courts have held that the evidence failed to meet the clear and satisfactory test, it will be found that the testimony was equivocal in nature, that is, a party or witness had testified to conclusions or given summations of conduct which although true might either encompass serious wrongs or amount to nothing more than a description of mere domestic

Joe P. Hatchitt, Corpus Christi, for appellant.

Robt. A. Sone, Corpus Christi, for appellee.

bickering. Such expressions as, "He was mean and hateful and would oppose anything I wanted to do," or "He was always humiliating me in front of my friends and trying to make out like I didn't have any sense," call for further explanation or clarification before they meet the clear and satisfactory test. In such instances, the credibility of the witness is not involved. From an inspection of the written record, the lack of detail and specific statement may be ascertained. Examples of evidence which the appellate courts have in recent cases held to be insufficient under the clear and satisfactory rule are contained in the reports of Garcia v. Garcia, Tex.Civ.App., 185 S.W.2d 227; Mayen v. Mayen, Tex.Civ.App., 177 S.W.2d 240; and Warfield v. Warfield, Tex.Civ.App., 161 S.W.2d 533.

In the present case, however, there is no ambiguity or indefiniteness of statement with regard to the primary acts relied upon to establish cruel treatment, namely, physical violence. Appellee testified that she had been repeatedly beaten by her husband. One witness testified that he had seen appellee with bruised places about her head, which she said had been caused by her husband's blows. Another witness testified that she saw appellant repeatedly strike and slap appellee in the face while they were standing outside a department store on one of the main streets of Corpus Christi, Texas.

Appellant's first point is overruled. Nix v. Nix, Tex.Civ.App., 218 S.W.2d 242, and authorities therein cited.

By his second point, appellant asserts that the evidence is insufficient to show appellee's bona fide inhabitancy in the State of Texas for the one-year statutory period, Article 4631, Vernon's Ann.Civ.Stats. The case was tried upon an amended petition and it was shown that for one year prior to the filing of this amended pleading, the appellee had physically resided in Nueces County, except for comparatively short periods of time. These absences, according to her testimony, were intended to be temporary only, and one of them was involuntary. We think the court clearly had jurisdiction, unless the fact that appellant was in the naval service of the United States alters the situation.

It appears that the parties were married in Tennessee on June 6, 1940. Shortly thereafter, appellant enlisted in the Navy and the couple lived at or near various naval installations in the United States. In the latter part of 1948, appellant was transferred to the Corpus Christi Naval Base. According to appellee, her husband requested this transfer from a Florida base and it was the then intention of the parties to make their home in Texas. About two weeks after their arrival in Corpus Christi, according to appellee, a separation took place. The parties later composed their differences and as one of the conditions for reassuming the marital relationship appellee insisted that appellant establish a home for her and her child, as they had had no fixed place of domicile since their marriage. Appellant acceded to this condition. A house was rented and a considerable amount of household furniture and fixtures were purchased, such as an electric refrigerator, a gas stove and other rather expensive items. In order to corroborate her testimony as to the establishment of a residence, appellee placed a witness on the stand who testified that he was a real estate man and that appellant had told him that he had made Corpus Christi his permanent home and was interested in buying a house at around $8,000. Because of this statement, the witness had shown appellant and appellee a number of houses.

The mere fact that one in the military or naval service may, in accordance with the orders from a superior authority, physically reside in Texas for a period of one year is insufficient in itself to establish a residence for divorce purposes. Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516. An intention to establish a residence in the future is likewise insufficient. However, the fact that one is a soldier or sailor does not deprive him of the right to change his residence or domicile and acquire a new one. Morehouse v. Morehouse, Tex.Civ.App., 111 S.W.2d 831. We think the evidence in this case fully supports the trial judge's finding that appellant and ap-

pellee "intended to, and did, make Nueces County, Texas, their permanent residence."

Appellant's second point is overruled. Warfield v. Warfield, Tex.Civ.App., 161 S.W.2d 533.

By his third point, appellant asserts that the trial court was without jurisdiction to determine the custody of the minor child of the parties. The trial judge found that appellee was a bona fide resident of the State of Texas and we have sustained that finding. It follows that the court had jurisdiction to grant appellee a divorce and determine the custody of the child. Articles 4639 and 4639a, Vernon's Ann.Civ.Stats. The fact that during the pendency of this suit, the child lived temporarily with its maternal grandmother in the State of Tennessee did not deprive the Texas court of the authority to render a custody decree binding upon both the appellant and the appellee. Appellant's third point is overruled.

By his fourth point, appellant asserts that the trial court erred in failing to make certain specific requested findings of fact. These requested findings conflict directly and materially with the findings actually made by the trial judge. We have held that the court's findings have proper support in the evidence and it follows that appellant's fourth point must be overruled.

By his fifth and sixth points, appellant contends that the judgment should be reversed because the evidence shows that appellee was guilty of adultery. To sustain this contention, appellant relies upon the testimony of appellee, who stoutly denied that she was guilty of the charge. In this, she was credited by the trial court. As an appellate court, operating under the restrictions above discussed, we can not give a part of appellee's testimony the effect of conclusively establishing the commission of an act which she solemnly swears did not take place. Appellant's fifth and sixth points are overruled.

No reversible error being disclosed, the judgment appealed from is affirmed.