Guy Melvin BAILEY, Appellant,

v.

Billie Janell BAILEY, Appellee.

No. 6627.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 15, 1956.

Rehearing Denied Nov. 19, 1956.

McCarthy, Rose & Haynes, Amarillo, for appellant.

E. Byron Singleton, Amarillo, for appellee.

NORTHCUTT, Justice.

 Billie Janell Bailey, appellee here, sued Guy Melvin Bailey, appellant here, for divorce, custody of their two children and for property settlement. The case was tried to the court without a jury and judgment was entered granting plaintiff a divorce and awarding her the custody of their two children and providing for their support and also for division of the community property. Appellant perfected this appeal as to the divorce only and assigned two points of error as follows:

"Point One

"The uncorroborated evidence of appellee is insufficient to support her asserted grounds for a divorce under the rule that the evidence must be full and satisfactory when such evidence is denied by appellant.

"Point Two

"Acts of alleged cruelty relied upon by appellee as grounds for divorce are condoned by her continuing to live with appellant for long periods of time after their alleged occurrence."

In reference to divorce suits, Article 4632, Vernon's Tex.Civ.St. provides that the decree of the court shall be rendered upon full and satisfactory evidence. It is true appellee testified that most of the troubles were brought about by appellant's jealousy of other men and his continued accusations that she was running around with other men. She further testified that appellant had a reason to feel like she was going out with men. She also testified that appellant had slapped her down and on numerous occasions threatened to kill her and, had drawn a gun upon her and threatened to put her in a position where she would·

be sorry and accused her of infidelity in front of their children many times. We realize that the reputation of a woman for chastity is the dearest, and when her husband seeks to deprive her of this virtue by his accusations, he has committed the most cruel acts possible towards her. Yet, on the other hand, if his accusations are provoked by her conduct, she cannot obtain a divorce because of the cruelty to her as the remedy is in her hands to so live and act to remove any and all grounds for the suspicions that provoked the acts of her husband. Should it be admitted in a case that a man's wife is going with other men, which would be grounds for him to secure a divorce, it would not justify him in whipping her or knocking her down. In a divorce action credibility of witnesses is for the trial judge and not for the appellate court. We only see the record and do not see the witnesses nor their expressions. We think it is well recognized in this state as the rule that the above statute does not require that the testimony of either spouse be corroborated in a divorce suit. Sometimes, if not most generally, the most cruel words spoken and the greatest pain received is during the time that a man and his wife are alone. If the rule was that it was necessary that the testimony of either spouse had to be corroborated, in many cases, all that the aggrieved party could do would be to continue to receive the abuse or to separate without any relief for the wrongs perpetrated upon them. If the court believed the testimony of appellee, and if it were true, we think the court was justified in believing that appellee did not continue to live with appellant as man and wife as contemplated under the law after the last acts of cruelty relied upon for a divorce. If we had had the duty to hear the testimony and had seen the witnesses, we might have determined this case contrary to the way it was decided by the trial court, but the trial court, whose duty it was to pass upon the credibility of the witnesses, accepted as true the testimony of appellee, and if it were true, her testimony was sufficient to substantiate the judgment of the trial court. See the cases of Robinson v. Robinson, Tex.Civ.App., 235 S.W.2d 228 and Ellis v. Ellis, Tex.Civ. App., 225 S.W.2d 216 and the many cases there cited.

Judgment of the trial court is affirmed.