NO. 07-06-0106-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 19, 2008
_____

IN THE MATTER OF THE MARRIAGE OF

PAULA BETH LANG AND RONALD TERRY LANG
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 55,695-C; HONORABLE PATRICK PIRTLE, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Ronald Terry Lang appeals the trial court's judgment in his divorce from appellee Paula Beth Lang. Via his sole point of error, Ronald[1] challenges the trial court's property award in two respects. Finding no error, we affirm the trial court's judgment.

Background

There were no children of the marriage. The parties were married in December 2000 and ceased living together as husband and wife in February 2005. Paula filed a

_____

[1] For clarity and convenience, we will refer to the parties by their first names.

petition for divorce later that month. Pretrial efforts to reach agreement on confirmation of the parties' separate property and division of the community property proved unsuccessful, and those issues were submitted to the court. After a hearing in November 2005, the trial court entered the judgment from which Ronald appeals.

Both parties testified at the hearing. With respect to the engagement ring, their testimony was in agreement that, on the evening they separated, Paula removed her engagement ring from her finger, and Ronald took off his wedding ring. The testimony was consistent also that Ronald had the engagement ring in his possession after that evening. Otherwise, however, their testimony about the removal and exchange of rings differed significantly. Paula testified the rings changed hands during a conversation that became angry. She said:

And he took his wedding ring off and basically threw it on - - threw it on the coffee table and said "You're right[2] and I want you out of my house."

And I said, "That's it? We're done?"

And he said, "Yeah, and I want my ring, too."

And I said, "Okay, whatever," because at that moment, I just - - I couldn't believe that he was asking me to leave."

_____

[2] An apparent response to her statement that neither of them was happy in the marriage and "we need to do something."

She was later asked, "When you gave him back that . . . ring, were you intending to give that back to him as a gift?" She responded in the negative and added, "It was given in anger. I mean, he threw his at me . . . ." Paula agreed with her lawyer that the two were "flinging rings at each other[.]"

Ronald described the ring exchange as a calmer scene. He said after Paula told him she wanted a divorce, "I took my ring off, placed it on the coffee table. She took her ring off and placed it on the coffee table. There was no throwing or any of that such. It was civil. It was not an emotional outburst." He said when Paula left the house, she took his wedding ring with her.

Under cross-examination, Ronald twice summarized his view of the exchange. He testified, "We agreed to get divorced. We gave each other's rings back to each other. That was all that was said." He later said, "I took my ring off and I said, 'Here's your ring back.' I put it on the table. She took hers off and put it on the table and said, 'Here's your ring back. We're getting divorced.'"

Paula testified she later asked for the return of her engagement ring, but Ronald refused.

At trial, each party testified concerning the community property and the party's preferred division of it. At the conclusion of trial, the court announced its division of the marital property. It awarded the engagement ring to Paula, and declined to recognize a reimbursement claim in favor of the community based on payment during the marriage of

3

debt Paula incurred before the marriage. It later signed a judgment to the same effect. Ronald's issue on appeal complains of those two aspects of the property division.

Analysis

*Engagement Ring*

Ronald bases his objection to the trial court's award of Paula's engagement ring to her on the contention she made a completed gift of the ring to Ronald when she returned it to him on the night they separated. Ronald bore the burden at trial of proving the occurrence of the gift. *Powell v. Powell*, 822 S.W.2d 181, 183 (Tex.App.–Houston [1st Dist.] 1992, writ denied); *Forbes v. Forbes*, 430 S.W.2d 947, 948 (Tex.Civ.App.–Amarillo 1968, no writ). No findings of fact were made or requested. Thus, it is implied that the trial court made all findings necessary to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam).

We will review Ronald's complaint on appeal as a challenge to the legal and factual sufficiency of the evidence supporting the court's implied adverse finding on the issue on which Ronald bore the burden of proof. To prevail in a legal sufficiency challenge on appeal, Ronald must show the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). For a successful factual sufficiency challenge, Ronald must demonstrate the adverse finding is against the great weight and preponderance of the evidence. *Id*.

The law requires three elements to establish the existence of a gift: (1) intent to make a gift; (2) delivery of the property, and (3) acceptance of the property. *Powell*, 822 S.W.2d at 183; *accord, In re Marriage of Royal*, 107 S.W.3d 846 (Tex.App.–Amarillo 2003, no pet.). The donative intent is to be evaluated at the time of the delivery of the property. *See Rusk v. Rusk*, 5 S.W.3d 299, 303 (Tex.App.–Houston [14th Dist.] 1999, pet. denied), *citing Ellebracht v. Ellebracht*, 735 S.W.2d 658, 659 (Tex.App.–Austin 1987, no writ) (noting donative intent of the grantor at the time of the conveyance as a "controlling factor" in proof of a gift). At the trial of the divorce action to the bench, it was the role of the trial court, not this appellate court, to pass on the weight and credibility of the parties' testimony and to resolve conflicts in the evidence. *See Zagorski v. Zagorski,* 116 S.W.3d 309, 318 (Tex.App.–Houston [14th Dist.] 2003, pet. denied) (citing, *inter alia*, *Bailey v. Bailey,* 295 S.W.2d 438, 439 (Tex.Civ.App.–Amarillo 1956, no writ)).

Among the "vital facts," *Dow Chem.*, 46 S.W.3d at 241, Ronald must show as a matter of law that Paula's delivery of her engagement ring to him was accompanied by the intent to make a gift. By Paula's testimony, she returned the ring to Ronald "in anger," after he "threw his [ring] at me," and in the course of a conversation in which he told her he wanted her out of his house that night. She denied she intended to make him a gift of the ring. This testimony, which supports the trial court's adverse finding on Ronald's issue, requires that we reject his legal sufficiency challenge to the evidence. *Dow Chem.*, 46 S.W.3d at 241. The only evidence bearing on the issue was the parties' testimony. Considering and weighing all the evidence, we cannot say the adverse finding is supported by evidence so weak or is so against the great weight and preponderance of the evidence

5

that it is clearly wrong and unjust. *Id*. Accordingly, we conclude also that factually sufficient evidence supports the trial court's failure to find Paula made a gift of the ring to Ronald.[3]

*Ronald's Reimbursement Requests*

Ronald also contends the trial court abused its discretion by denying his request for reimbursement to the community estate for debts that Paula owed at the time of the marriage and were paid with community funds. Paula testified that at the time of the marriage, she owed a $7000 credit card debt, and a $30,000 bank debt from a failed business. It is undisputed both debts were paid during the marriage. Ronald argues the court's failure to require reimbursement to the community estate caused an inequitably disproportionate division of the community, thus demonstrating the court abused its discretion in the property division. We cannot agree.

Here again, it is implied in this case that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). A judgment based on implied findings that are supported by sufficient evidence is to be affirmed on any applicable theory of law. *See Point Lookout West, Inc. v. Whorton*, 742 S.W. 2d 277, 278 (Tex. 1987).

---

[3] Paula also cites § 3.003(b) of the Family Code, contending that Ronald must support his position with clear and convincing evidence. Tex. Fam. Code Ann. § 3.003(b) (Vernon 1997). We do not find it necessary to reach this contention.

The Family Code requires the court, in a divorce, to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001 (Vernon 2006). The phrase "estate of the parties" there means the parties' community property. *Wilson v. Wilson*, 44 S.W.3d 597, 600 (Tex.App.–Fort Worth 2001, no pet.), *citing Cameron v. Cameron*, 641 S.W.2d 210, 214-15 (Tex. 1982). The trial court has broad discretion in dividing the community estate of the parties. *Powell,* 822 S.W.2d at 184. The "just and right" division of the community estate need not be equal. *Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex. 1998); *Forgason v. Forgason*, 911 S.W.2d 893, 896 (Tex.App.–Amarillo 1995, writ denied). "In exercising its discretion the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly." *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981) (citation omitted). Its decision will not be disturbed unless a clear abuse of that discretion is shown. *Murff*, 615 S.W.2d at 698; *Marriage of Royal,* 107 S.W.3d at 849. When determining whether the court has abused its discretion, we must view the evidence in the light most favorable to the trial court's actions and indulge in every legal presumption in favor of the judgment. *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex.App.–San Antonio 1995, writ denied).

Sections 3.408 and 3.409 of the Family Code address claims for reimbursement. Tex. Fam. Code Ann. § 3.408 (Vernon Supp. 2007); Tex. Fam. Code Ann. § 3.409 (Vernon 2006). The Family Code also provides that in a divorce decree, the court is to determine the rights of both spouses in a claim for reimbursement as provided by Subchapter E,

7

Chapter 3 of the Code,[4] and is to apply equitable principles to determine whether to recognize the claim after taking into account all the relative circumstances of the spouses, and order a division of the claim, if appropriate, in the manner that the court considers just and right, having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.007 (Vernon 2006).

In response to Ronald's contention, Paula argues the record does not enable Ronald to sustain his burden of demonstrating an abuse of discretion in the division of the community estate. She notes the record does not contain evidence showing the values of the entire community estate or the values of all the property awarded to each party. We must agree, and find that when the evidence is viewed in the light most favorable to the trial court's judgment, Ronald cannot demonstrate that its division of the property was inequitably disproportionate.

Moreover, assuming the existence of a reimbursement claim in favor of the community arising from the payment of Paula's pre-marriage debt does not show the court abused its discretion in the property division. Paula's testimony about the debt included the following: "I did have a lot of debt that I had two choices: I could have filed bankruptcy or [sic] I chose to work three jobs and pay it off as I could. And that's what I did." If it had recognized a reimbursement claim in favor of the community, the court could have relied on Paula's uncontradicted testimony that she worked three jobs to pay the debt as reason

---

[4] Tex. Fam. Code Ann. § 3.401, *et seq.* (Vernon 2006 and Supp. 2007).

8

to allocate a disproportionate amount of the reimbursement claim to her.  *See* Tex. Fam.

Code Ann. § 7.007(b)(2) (Vernon 2006).

We overrule Ronald's appellate issue, and affirm the trial court's judgment.


James T. Campbell
Justice

———————————

————————————————