SARAH JERNIGAN v. W. J. JERNIGAN.

1. In divorce cases, notwithstanding the petitioner's allegations are sufficient, and that the jury has found them to be true, the District Court is empowered, in the exercise of a sound discretion, to refuse the decree ; but this discretion is subject to revision by the Supreme Court, both upon the law and the facts of the case.

2. The Supreme Court, deeming that on the facts of this case a divorce should have been decreed by the District Court, renders the decree itself, without remanding the cause.

APPEAL from Panola.   Tried below before the Hon. M. W. Wheeler.

The opinion clearly states the entire case.

*Chandler, Carleton & Robertson,* for the appellant.

No brief for the appellee.

OGDEN, J.   It is true that in suits for a divorce, the District Courts are, to a considerable extent, the judges, not only of the law, but of the facts of a case, and therefore it is said in Moore *v.* Moore, 22 Texas, 240: " In decreeing a divorce, the judge " does not proceed as in other cases, upon the verdict of the " jury, but upon his own judgment, after the jury, by their " verdict, have affirmed the truth of the material allegations of " the petition.   The mind of the judge must be satisfied, not " only of the sufficiency of the causes alleged, but of the " truth and sufficiency of the evidence by which they are estab-

"lished, independently of the verdict." It therefore follows, that the District Court is not necessarily bound to grant a divorce in every case where the jury have found a verdict for that purpose, but may, in the exercise of a sound discretion, still refuse to enter a decree whenever the law or the facts do not justify the same. This discretion of the court or judge should, however, be subject to revision by the appellate court, in order that the dearest rights of society may not be jeopardized by the mistakes or errors of one man. This court has, and may exercise that revisory power over judgments or decrees of the District Court in cases of divorce, and which power, of necessity, extends to every judicial act of the lower court in these matters. It is therefore the proper prerogative and duty of this court to revise, if deemed necessary, the decree of the lower court in this case, not only as to the law but also as to the facts of the case.

The petition for a divorce, filed in this case by Sarah Jernigan against her husband, was filed in 1869, and charges abandonment for more than three years prior to the filing of the petition. It also charges that the defendant, during said abandonment, did live in adultery with another woman. We are of the opinion that these allegations, if sustained by proof, are sufficient under the statute to entitle the petitioner to all the relief prayed for. The cause was submitted to a jury under special issues from the court, and they returned a verdict responsive to every issue, and fully affirming every material allegation in the petition. This verdict was set aside for the reason that the testimony was not sufficient to satisfy the court that a divorce should be granted, and a judgment was rendered against the plaintiff for all costs of this suit; from which judgment the plaintiff has sued out a writ of error; and assigns as error the judgment of the District Court.

There is no error of law complained of in the rulings of the court, and no exception taken to the verdict of the jury, but the plaintiff in error claims that, under the evidence, the verdict of the jury, and the law, she was entitled to a judgment

for a divorce. We have, therefore, only to look to the evidence as certified to by the presiding judge, in order to come to a correct conclusion in regard to the justness and legality of the judgment complained of.

The proof establishes beyond controversy, among other things, the following facts : In 1864 the plaintiff and defendant were duly married, and in 1865 the defendant, in an angry mood, and without cause, abandoned his wife, swearing that he would never come back. He left his wife sick in bed, and went to the Sabine river bottom, where he has lived until the bringing of this suit, more than three years. He neither returned to his wife, nor has he contributed in any manner to the support of herself or their child. It was proven that the plaintiff, before the abandonment, was ever kind and affectionate to her husband, but that he was cross and unkind to her. It was further proven, that when defendant abandoned his wife and went to the Sabine river bottom, he lived with a certain widow woman, in a house occupied by himself, his little son, and this widow woman. There was proof of some other scandal which we need not notice in this opinion, but which, if true, would be a sufficient cause for a divorce.

We think that this evidence clearly establishes the fact of an abandonment without cause, on the part of her husband, for more than three years prior to the bringing of this suit, if not an adulterous intercourse by the husband, during the time of said abandonment; and under the law we think these facts are sufficient to entitle the wife to a divorce. The judgment of the District Court is therefore reversed, and a judgment will be entered here, granting the prayer of the petition in all respects.

Reversed and rendered.