## GARCIA v. GARCIA.

### No. 11457.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 29, 1944.

Rehearing Denied Jan. 31, 1945.

Smallwood & Gibbon, of Harlingen, for plaintiff in error.

John Q. Adams and Polk Hornaday, both of Harlingen, for defendant in error.

NORVELL, Justice.

This is a divorce case brought here by writ of error. Articles 2249 and 2249a, Vernon's Ann.Civ.Stats., Rules 359–363, Texas Rules of Civil Procedure.

The complaint of the sufficiency of the petition for divorce is not well taken, but the judgment must be reversed as the evidence is not "full and satisfactory" as required by Article 4632, Vernon's Ann.Civ. Stats.

As cause for divorce, defendant in error, Telesforo Garcia, relied upon the grounds set forth in Article 4629, § 1, Vernon's Ann.Civ.Stats.

Telesforo Garcia was the only witness who testified at the trial and the record of his testimony occupies three and a half pages of a Q and A statement of facts.

It appears that Telesforo Garcia married plaintiff in error, Atanacia Chamberlain de Garcia, in 1921. They separated in April, 1943. The parties have a son twenty-two years of age, now serving in the American Navy. They had separated several times prior to the 1943 separation.

As to the nature of his wife's conduct, Telesforo Garcia testified as follows:

"Q. What has been the nature of her conduct toward you for the last few years? A. She didn't live happily with me; she was always jealous and quarreling with me.

"Q. Did she have a jealous disposition? A. Very much so.

"Q. What kind of temper did she have? A. Very violent.

"Q. Did she quarrel at you? A. Yes, sir; all the time.

"Q. Did she abuse you? A. Yes, sir.

"Q. Did she make your home life unhappy? A. Yes, sir. * * *

"Q. What conclusion did you reach the last time you tried to live with her as to whether you would be able to make a success of your married life? A. No, sir; I couldn't live with her any more.

"Q. What effect did it have on your life and your work, the violent abuse and quarrels indulged in the last time? A. I went to her mother's home and she told me she didn't love me and didn't want to have anything more to do with me.

"Q. What effect did that statement have on you? A. It made me nervous and I came to the conclusion it would be impossible to live with her any longer. * * *

228

"Court: Just what was this quarreling about? A. Sometimes I would come home early and other times I would come home late, and she was very jealous and always accused me of running around with other women, which was absolutely untrue, and she always argued with me about that."

Under the authorities the decree cannot stand. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Hyatt v. Hyatt, Tex.Civ.App., 111 S.W.2d 341; 15 Tex. Jur. 547, § 84.

The judgment appealed from is reversed and the cause remanded.

On Motion for Rehearing.

Appellee has filed a motion for rehearing in which he says: "In addition to the evidence introduced before the Trial Court on the trial for divorce, the Trial Court had other circumstances that it could consider in giving weight to the testimony of the plaintiff and which the Trial Court no doubt considered as admissions on the part of the plaintiff of the truth of the allegations contained in the plaintiff's petition. The record shows that appellant was duly and legally cited by citation to appear and answer the appellee's petition for divorce. Immediately thereafter appellant employed (lawyers) to represent her in the matter and, even though counsel have been employed, the defendant and her attorneys deliberately stood by and permitted the case to come to trial in due manner without making any appearance or filing any answer until after the Trial Court had rendered judgment in the cause."

■ Article 4632, Vernon's Ann.Civ. Stats., expressly states that in "all such suits (for divorce) the defendant shall not be compelled to answer under oath, nor *shall the petition be taken as confessed for want of answer,* but the decree of the court shall be rendered upon full and satisfactory evidence * * *." (Italics ours.)

■ Appellee also asserts that we have invaded the province of the trial court and passed upon the credibility of the appellee as a witness. Appellee's testimony is unsatisfactory, not for the reason that it may not be true, but because it is general in nature and consists primarily of fact conclusions. There is nothing definite about it. Such testimony may be considered as a description of family quarrels and disagreements, which under the authorities cited do not call for a dissolution of the marriage. From the evidence, it can not be concluded with any degree of certainty that statutory grounds for divorce exist in fact.

■ Since the decree below was in favor of the appellee, and this Court has decided that the evidence does not meet the statutory requirement of being "full and satisfactory," it seems that under the proper practice this Court should dismiss the cause, rather than remand the same for new trial. Accordingly, our order of remand will be set aside. The judgment of the trial court is reversed and judgment here rendered dismissing this cause without prejudice. Moore v. Moore, 22 Tex. 237.

Appellee's motion for rehearing is overruled.