**MOON v. MOON.**

**No. 5668.**

Court of Civil Appeals of Texas. Amarillo.

March 12, 1945.

Chas. H. Dean, of Plainview, for appellant.

Harold M. LaFont, of Plainview, for appellee.

HEARE, Justice.

This appeal is from the judgment of the trial court granting the plaintiff, Ruby Moon, appellee herein, a decree of divorce from the appellant, Grady Moon. The ap-

pellee charged the appellant with excesses, cruel treatment, and outrages toward her of such a nature as to render their living together insupportable. She alleged specifically that her husband was guilty of excessive and continuous drinking and drunkenness; that he cursed and abused her; that he had more than once inflicted physical violence upon her and had made repeated threats against her life; that he falsely accused her of indecent relations with one H. N. Waggoner; that he compelled her to assist him in the illicit sale of intoxicating liquors; and that he attempted to have intimate relations with her younger sister. The appellant interposed a general denial.

No jury was used. The trial court concluded that the material allegations of the appellee were true and were supported by the evidence, and granted her a divorce. One point of appeal is presented, namely, that the judgment is not sustained by full and satisfactory evidence.

■ Article 4632, R.C.S.1925, commands that a decree of divorce shall be rendered only upon full and satisfactory evidence. And in a divorce case the findings of a jury, if a jury is used, or the findings of the trial court, are not binding upon the appellate court. Jernigan v. Jernigan, 37 Tex. 420; Caldwell v. Caldwell, Tex.Civ.App., 176 S.W.2d 758, and authorities there cited. However, where there is conflict in the testimony, and the credibility of the witnesses and the weight to be given their testimony is primarily involved, in the absence of the showing of an abuse of discretion by the trial court, its findings of fact will not be disturbed on appeal. Article 4633, R.C.S.1925; Kreiter v. Kreiter, Tex.Civ.App., 137 S.W.2d 184; Bell v. Bell, Tex.Civ.App., 135 S.W.2d 546; Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251.

■ It is our duty as an appellate court carefully to examine the record to ascertain whether there is sufficient evidence to warrant a divorce decree. In the performance of this duty, however, we should give great deference to the conclusions of the trial court as to the credibility of the witnesses and, as stated, we should not disturb its findings in the absence of a clear abuse of discretion. No specific findings were filed; none were requested.

■ A careful appraisal of the one hundred forty-six pages of testimony reveals that there is sufficient evidence in the record, if believed, to sustain at least some of the charges made by the plaintiff and to authorize the divorce decree. Likewise, there is, in our opinion, sufficient evidence in the record, if believed, to warrant the court below in denying plaintiff a divorce. To set out or discuss in detail this voluminous and unsavory evidence would serve no useful purpose. Suffice it to say there is substantial evidence to support the charge of continued drinking and drunkenness on the part of the appellant, of physical violence by the appellant against the appellee, of conduct with other women that would be calculated to humiliate and antagonize a wife, and of a general course of conduct that would put a severe strain on the marital fabric uniting him with a woman of ordinary sensibilities. This testimony was given by the plaintiff. Some of it was corroborated by other witnesses. On the other hand, there is substantial evidence given by the appellant, some of it being supported by corroborating testimony, that would lead to a reasonable conclusion of recrimination, a reasonable inference of improper conduct by the appellee. The evidence in support of, and in refutation of, the material issues is sharply conflicting. Thus, it will be seen that a final decision must rest primarily on the credibility of the various witnesses and the weight to be given to the testimony of each. The determination of the weight and verity of the evidence in this case must therefore be entrusted to the trial judge, who has had the opportunity to see and hear the witnesses, to observe their demeanor, and thereby determine the true facts in this unfortunate drama of life as it was unfolded before him from the witness stand. Human experience teaches that it is much less difficult to apply the acid test of veracity by the hearing, and the observing, of the witnesses than by the reading of cold pages of record.

We find nothing in the record that approaches an abuse of discretion by the trial court. The conflicting evidence has been weighed and tested by one who heard it from the lips of the witnesses, and we find no reason to disagree with him in his conclusions.

The judgment is therefore affirmed.