### ALLEN v. ALLEN.

No. 3164.

Court of Civil Appeals of Texas.

Waco.

April 29, 1954.

Peter P. Cheswick, Houston, for appellant.

Glenn A. Perry, Houston, for appellee.

McDONALD, Chief Justice.

This is a suit filed by appellant, H. N. Allen, against appellee, Lilly B. Allen, for divorce, division of community property, and for reimbursement for some $6,500 expended by appellant in improving the separate property of appellee. Appellee answered by general denial; alleged that any money expended by appellant to improve her separate property was a gift; and by cross action sought a divorce herself, on the ground of cruel treatment.

Trial was before the court without a jury, which granted appellee a divorce on her cross action, and awarded appellant $1,619 out of the sums advanced by him to pay for improvements on appellee's separate property.

Appellant appeals alleging: 1) There was insufficient evidence justifying a divorce to appellee, and 2) The Trial Court erred in refusing to allow appellant reimbursement for the full amount he expended in improving appellee's separate property.

A review of the record reflects that the *only evidence* of cruel treatment of appellee by appellant was given by appellee herself. She testified that she and appellant were married 30 June 1952; that they started having difficulties in November 1952; that he asked her to make a will making provision that he have a home if

anything should happen to her; that she told him she positively would not do that; that continuous fussing and arguments ensued; that they separated in December 1952; that she does not think she could live with appellant as husband and wife. (The record further reflects cancelled checks in evidence which show that appellant expended more than $5,000 of his separate funds in building a garage apartment on the separate property of appellee.)

■ A divorce can be granted on the grounds of cruel treatment only if the party seeking same establishes her right thereto by clear and convincing proof. The acts complained of must be such as to render the continuation of the marriage insupportable. This has been interpreted by our courts to mean *"incapable of being borne; unendurable; insufferable; or intolerable"*. It is not sufficiently broad to include trivial matters or disagreements. See: Knight v. Knight, Tex.Civ.App., 220 S.W. 609; Blake v. Blake, Tex.Civ.App., 263 S.W. 1075; Pybus v. Pybus, Tex.Civ. App., 147 S.W.2d 512; Warfield v. Warfield, Tex.Civ.App., 161 S.W.2d 533; Garcia v. Garcia, Tex.Civ.App., 185 S.W.2d 227; Rodriguez v. Rodriguez, Tex.Civ. App., 186 S.W.2d 88; Cantwell v. Cantwell, Tex.Civ.App., 217 S.W.2d 450.

■ An examination of the evidence relating to the grounds for divorce in this case convinces us that it was not sufficiently full and satisfactory to warrant the granting of this divorce to the appellee for cruel treatment by the appellant, as required by R.S. Article 4629, Vernon's Ann. Civ.St. art. 4629. Indeed, when this evidence is subjected to the search required of this court for itself by that Statute, it is concluded that the most that appears therefrom is the reflection of petty quarreling, and trivial misunderstanding, which our Supreme Court held in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, can not warrant the granting of a divorce.

We deem it unnecessary to discuss appellant's 2nd complaint in view of the disposition we are making of this case.

Applying the rules of law announced, to the record in this case, the judgment of the Trial Court is reversed, and since neither appellant's nor appellee's evidence appears to have been fully developed, the cause is remanded for another trial.