**KING v. KING.**

No. 12727.

Court of Civil Appeals of Texas. Galveston.

May 27, 1954.

Sam W. Davis, Seymour Lieberman, and Louis C. Davis, Houston, for appellant.

John J. Herrera and James DeAnda, Houston, for appellee.

CODY, Justice.

This was a suit for divorce brought in a civil district court of Harris County by appellee against appellant on September 12, 1953, on the grounds of cruel treatment. All the allegations appropriate to a divorce on such grounds were contained in appellee's petition. The date on which appellee alleged he was forced by appellant's conduct to separate from her was May 31, 1953.

Citation to serve non-resident defendant, with appellee's petition attached, was duly issued on September 24, 1953, and was personally served on appellant on November 16, 1953, in Egypt, of which country she was a native, and where she lived at all material times. On December 7, 1953, the case was tried to the court without a jury. Appellee was present and testified, and appellant neither appeared nor was she represented by an attorney. The court rendered judgment finding that the allega-

tions of appellee's petition were true, and granted the divorce, and partitioned the community property.

Thereafter, and within due time, appellant, though still in Egypt, filed a motion for a new trial, and as grounds therefor she alleged in substance: That it had been impossible for her to be present at the trial; that appellee had falsely alleged grounds for divorce, and by his testimony had misrepresented in various particulars his grounds for divorce. In her motion appellant set forth excerpts from letters and cablegrams which appellee had sent on May 7, 10, 15, and on June 15 and 29, 1953; she also alleged that he had flown to Egypt on May 27, 1953, and proposed to settle on her half of his property which he would come into control of on his thirty-fifth birthday. Again she alleged that he informed her that he was the sole heir of his grandmother, who had just died, and would bestow on her what he so inherited. The court refused the motion for new trial, and from that action this appeal is prosecuted.

The record does not disclose what, if any, evidence—except the communications from appellee to appellant above referred to—was introduced upon the hearing on the motion for new trial. These communications bespoke a great and undying love felt by appellee for appellant, and his desolation at being parted from her. Appellant appears to take the position that the communications to her, which she introduced in evidence on the motion for a new trial, gave the lie, as a matter of law, to the allegations of appellee's petition to the effect that any conduct referred to in the petition could have rendered life insupportable to appellee, and to any testimony given in support of such allegations.

Appellant predicates her appeal upon four points, the first of which is to the effect that, in a divorce suit, even though the defendant does not appear and answer, she may raise the issue of the insufficiency of the evidence to meet the statutory burden of proof by a motion for new trial seasonably filed. Such is unquestionably the law. And appellant does not complain that the trial court refused to permit her to raise the issue of whether appellee's evidence was sufficient to meet his statutory burden of proof that appellant's conduct had rendered life for him with her insupportable. Appellant merely complains that the court failed to find, in the light of appellee's communications to her, above referred to, that appellee's evidence in support of his petition for divorce was not true. However, the trial court knew what such evidence consisted of, and appellant has failed to bring up either a statement of facts, or to request that the trial court make specific findings of fact. In such state of the record we must assume that the evidence before the trial court was sufficient to support the judgment. Clare v. Clare, Tex.Civ.App., 138 S.W.2d 220, and Ingram v. Ingram, Tex.Civ.App., 249 S.W. 2d 86.

No good purpose would be served by discussing appellant's points 2 to 4, inclusive, because it would be necessary to examine a statement of the evidence which was before the trial court in order to determine: (a) whether in this case, in the interest of justice, a new trial should be granted, or (b) whether the trial was tainted with the odor of perjury, or (c) whether the evidence before the trial court had made out a case of cruel treatment by appellant which rendered life together insupportable to appellee. There is no basis in the evidence presented by appellant in her motion for new trial to require the trial court to grant the motion for new trial.

The judgment of the trial court is therefore ordered affirmed.

Affirmed.

GRAVES, J., not sitting.