Harvey E. BRADSHAW, Appellant,

v.

Marie BRADSHAW, Appellee.

No. 15138.

Court of Civil Appeals of Texas.

Dallas.

June 29, 1956.

Burford, Ryburn, Hincks & Ford, and Howard Jensen, Dallas, for appellant.

Elizabeth Carp, Dallas, for appellee.

YOUNG, Justice.

This action was initially in Juvenile Court, brought by Marie Bradshaw against Harvey E. Bradshaw for divorce and custody of two minor children, defendant answering by general denial. On trial of August 11, 1955, before Hon. Wm. McCraw, Judge, Criminal District Court No. 3, Dallas County, sitting for Dallas County Juvenile Court, the result was a docket entry of divorce, award of custody to Mrs.

Bradshaw and approval of property settlement as agreed to by the parties. Testimony at this hearing was not transcribed by the official court reporter. Formal judgment for the minutes of court was not signed by Judge McCraw until October 13, 1955, following a withdrawal of original counsel for Bradshaw and employment of his present attorneys; and then, timely filed, were his motion and amended motion for new trial, the latter sworn to and supported by defendant's affidavit. Between the time of filing motions, Judge McCraw died. On November 30 the amended motion for new trial was heard by Hon. Chas. E. Long, Jr., Judge of Dallas County Juvenile Court, along with lengthy production of testimony; overruled on December 10th with due exceptions taken and notice of appeal.

Counsel for defendant then proceeded to prepare a transcript, narrative form, of the testimony heard by Judge McCraw on August 11, 1955, pursuant to Rule 377(d), Texas Rules of Civil Procedure, which provides in part: " * * * If any difference arises as to whether the record truly discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts be by him made to conform to the truth." Upon tender of this proposed statement of facts to plaintiff's counsel, approval was refused on ground that it was not true and correct; whereupon the matter was submitted to Judge Long for settlement, who in turn declined to approve the statement of facts so prepared, stating that he was not present on the trial of August 11 and could not know what had transpired; the then judge being now deceased and testimony of that date not having been formally reported. Above facts and occurrences were duly reflected in defendant's bill of exceptions, inclusive of his

proposed statement of facts. This prepared narrative of the testimony heard before Judge McCraw was as follows: "The court first asked Mrs. Bradshaw what her grounds for divorce were, to which she replied that she guessed it was incompatibility. The court then stated that incompatibility was not a ground for divorce in Texas, and inquired of Mrs. Bradshaw if Mr. Bradshaw had ever hit her or visited other physical abuse on her, to which she replied that he had not. The court then asked Mrs. Bradshaw just what was the trouble, and she replied that Mr. Bradshaw nagged her. The court then asked Mrs. Bradshaw what Mr. Bradshaw nagged her about. She replied that Mr. Bradshaw nagged her about spending too much money. The court stated that every man had to do some of that, and that he, the Judge, had never been able to satisfy Mrs. McCraw and Neiman-Marcus. The court then asked Mr. Harvey E. Bradshaw, who was sitting at the counsel table, where he worked, and Mr. Bradshaw replied that he worked at Texas Bitulithic Company. He stated that he was an engineer with Texas Bitulithic Company. Thereupon plaintiff's attorney stated that Mrs. Bradshaw had worked while Mr. Bradshaw was going to engineering school, and had supported Mr. Bradshaw while he was being educated. The court then stated that just because the parties hadn't been able to patch up their differences didn't mean that Mr. Bradshaw couldn't still court Mrs. Bradshaw just like he did before they were first married. The court further stated that although he was going to grant the divorce, Mr. Bradshaw could still court Mrs. Bradshaw, and that he suggested that in doing so Mr. Bradshaw open the doors of automobiles for her and send her flowers and candy and things of that nature. The attorney for plaintiff stated to the court that there were two minor children, and that a property settlement agreement had been executed by the parties which provided that plaintiff was to have custody of the children."

■■ Manifestly, perforce of Rule 377 (d) and the untoward circumstances above related, it became the duty of the regular judge to furnish the appealing party a statement of facts; Johnson v. Brown, Tex. Civ.App., 218 S.W.2d 317; even to the calling of witnesses for a reproduction of the record in question. Appellant's request was seasonable and his right to a record was not altered by absence of the official reporter's notes or the fact of Judge McCraw's untimely passing. The inability to secure a statement of facts without fault of the appealing party is usually ground for reversal of cause; 3–A Tex.Jur., p. 686; but not so in the instant case because the omission appears to have been rectified, in effect, as follows: At the hearing of amended motion for new trial some sixty pages of testimony was adduced; in particular from Harvey Bradshaw, defendant, and his former attorney J. W. Crosland. Mrs. Bradshaw was not present at such time but her counsel participated in the hearing, not requesting postponement on account of her client's absence. Judge Long certified to the record in this respect, as follows: "The foregoing transcript of testimony and agreement of counsel having been presented to the Court for approval, the same are, in all things approved and ordered filed as the Statement of Facts in this Cause"; and the "Agreement" of counsel referred to, reads: "We, the undersigned Counsel respectively for Plaintiff and Defendant, agree that the foregoing is a correct and complete transcript of the testimony and proceedings heard by the Court upon this Cause and that same may be filed."

■ Assuming, therefore, the aforesaid certified transcript of testimony to be sufficient as appellant's statement of facts on appeal, the same lacks considerable with respect to the full and sufficient requirements of the statute [1], nor does appellee make any such contention. She simply contends that the appeal is one without a statement of facts, in which event the presumption is conclusively indulged that the court's judgment of divorce and custody had support in adequate and competent testimony. The principle thus sought to be invoked is clearly inapplicable to the instant facts and circumstances. Either the sixty-page transcript of testimony hereinabove mentioned must be considered as sufficiently satisfying the requirements of Rule 377(d), or this case must be held subject to reversal on account of appellant's inability, though in exercise of required diligence, to secure a statement of facts on appeal.

■ Appellant, in amended motion for new trial, aside from his attack upon the judgment of October 13, 1955, as wholly lacking in sufficient evidence with respect

---

1. We refer to Article 4632, V.A.C.S., reading in part: "Suit shall not be heard or divorce granted before the expiration of thirty days after the same is filed. In all such suits the defendant shall not be compelled to answer upon oath nor shall the petition be taken as confessed for want of answer, but the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition. Either party may demand a jury."

Plaintiff's ground for divorce was cruel treatment and the testimony concerning this proviso of the statute, Art. 4629(1), must be found full and sufficient, not only by the trial court but by the appellate court as well. Green v. Green, Tex.Civ. App., 268 S.W.2d 237; 15–A Tex.Jur., p.

745. The proof offered by plaintiff demonstrates their grievances to be of the "nagging" and "fussing" category—a type uniformly condemned by the courts. See Garcia v. Garcia, Tex.Civ.App., 185 S.W. 2d 227, 228, holding in part:

" * * * Appellee's testimony is unsatisfactory, not for the reason that it may not be true, but because it is general in nature and consists primarily of fact conclusions. There is nothing definite about it. Such testimony may be considered as a description of family quarrels and disagreements, which under the authorities cited do not call for a dissolution of the marriage. From the evidence, it can not be concluded with any degree of certainty that statutory grounds for divorce exist in fact."

to grant of divorce and award of custody, alleged the following, in effect, by way of newly discovered testimony: That there exists the absolute bar of adultery to plaintiff's procurement of divorce, which conduct on her part began about May 1, 1955; that upon defendant's threat to expose her misconduct, she stated to him that she would kill herself as a consequence; he not revealing such illicit relationship at the trial of August 11, both for that reason and on account of their minor children; believing at the time that plaintiff "was mentally deranged and would ultimately recover her sanity"; but that after date of August 11, said adulterous conduct has continued, with the named paramour "ensconced in defendant's home with defendant's children in the same home, while defendant meets the payments on the mortgage on said home and pays the utility bills therefor." (In this connection, it appears that present counsel for defendant has filed an independent suit for child custody.)

It is appellee's position that above matters should be stricken from any motion for new trial, appellant not having alleged said defense or testified thereto at the hearing before Judge McCraw; also that having sat by and heard plaintiff's testimony at the trial, defendant has waived his right of objection to the evidence adduced as not being full and satisfactory, entitling her to a divorce; and further, that defendant is bound by his agreement, placing custody of children in plaintiff, which contract recital became part of the court's judgment. Like contentions were made in the following appeals, but overruled:

"In a divorce suit, even though defendant does not appear and answer, defendant may raise issue of insufficiency of evidence to meet statutory burden of proof by a motion for new trial seasonably filed." King v. King, Tex.Civ.App., 268 S.W.2d 684, syl. 1.

"The decree dissolving the marriage of the parties must be reversed because the evidence fails to meet the 'full and satisfactory' test of Article 4632, Vernon's Tex.Ann.Stats. With the exception of appellee's testimony that appellant had called her a liar, the statement of facts disclosed no more than conclusions by appellee adduced by leading questions. Such testimony does not meet the required statutory test. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Garcia v. Garcia, Tex.Civ.App., 185 S.W.2d 227.

"Appellee urges that as appellant was present in the courtroom and did not testify, nor object to her stated conclusions or the form of the questions put to her, an inference arose as to the existence of grounds for divorce. In fact, appellee in her brief alludes to other and further evidence she could have produced had appellant elected to take the stand and deny the allegations of her petition.

"It may be, as inferred in appellee's brief, that her failure to further develop her case was occasioned by a laudable desire not to stigmatize the father of her children, but, obviously, if appellate review is to be effective, we must proceed upon the record of the evidence as actually made in the court below and not upon the statements in the briefs as to evidence that could have been produced. Default and nil dicit judgments are not recognized in divorce cases, but 'the decree of the court shall be rendered upon full and satisfactory *evidence* * * * affirming the material facts alleged in the petition.' Article 4632." Mason v. Mason, Tex.Civ.App., 282 S.W.2d 320.

Cause reversed and remanded for another trial.