Mary Odessa BARRETT, Appellant,

v.

Earl Maurice BARRETT, Appellee.

No. 16431.

Court of Civil Appeals of Texas.

Fort Worth.

May 24, 1963.

Rehearing Denied June 21, 1963.

Spence, Martin & Richie and Howard L. Martin, Wichita Falls, for appellant.

Charlye O. Farris, Wichita Falls, for appellee.

RENFRO, Justice.

Appellant Mary Odessa Barrett was defendant in a divorce suit brought by appellee Earl Maurice Barrett.

The parties were married January 2, 1962, and separated March 10, 1962. Suit was filed March 23, and a divorce granted appellee on August 27.

When asked the reasons for the final separation, appellee answered "cruelty". In answer to the question, "And what did this cruelty consist of?", he answered, "Well she failed to do her duties as a housewife plus she nagged all the time for money plus she wanted to know if I had any money plus she talked about my parents, and that's it." Because of the acts "alleged" he did not think he would be able to live with his wife again.

In answer to specific questions appellee testified his wife asked him one time if he had a bank account. The question did not bother him. Just prior to the separation she asked for some money. He did not give her any, but the request made him mad. There were no other requests for money.

One time she referred to appellee's mother in an uncomplimentary manner and once she used a derogatory word in reference to his grandmother. He did not remember the time or the occasion or circumstances of the above remarks.

He did the cooking. Appellant was pregnant during all the marriage and their baby was born on July 25.

Mental cruelty or suffering, intentionally inflicted, and grievous and lasting, may be ground for divorce, if it makes living together insupportable. 20 Tex. Jur.2d 365, § 17. The reaction to the alleged acts and conduct of a spouse, however, is strictly a personal matter to an alleged aggrieved spouse. Such reaction of feeling is peculiarly and exclusively within the aggrieved person's own knowledge. It is within the personal province of such aggrieved spouse to condone a marital offense. Ivy v. Ivy, Tex.Civ.App., 177 S.W. 2d 237.

Appellee did not testify to any personal reactions or feelings concerning appellant's conduct except that on the one occasion when she asked for money the request made him mad. The conduct of an 18 year old pregnant wife in asking her husband for money on one occasion is not the type of conduct contemplated by the statutes and recognized by the courts as cruelty.

Appellee did not testify that any of the acts to which he testified endangered his health, outraged his feelings or inflicted

any mental pain or anguish, except the one instance when he became mad over a request for money.

 To justify a divorce the evidence must not only be full and satisfactory to the trial judge, but also full and satisfactory to an appellate court in order to permit a decree to stand. Lohmuller v. Lohmuller, Tex.Civ.App., 135 S.W. 751; Blake v. Blake, Tex.Civ.App., 263 S.W. 1075; Parks v. Parks, Tex.Civ.App., 55 S.W.2d 242; McDonald v. McDonald, Tex.Civ.App., 316 S.W.2d 780.

The evidence is not full and satisfactory to this court.

Reversed and remanded.