Betty Lou STEVENSON, Appellant,

v.

Robert E. STEVENSON, Appellee.

No. 14413.

Court of Civil Appeals of Texas.

Houston.

Oct. 8, 1964.

Armstrong, Bedford & Lambdin, Griffith D. Lambdin, Galveston, for appellant.

Markwell, Stubbs, Decker & Dalehite, Elmo M. Johnson, Galveston, for appellee.

WERLEIN, Justice.

This suit was brought by appellee, Robert E. Stevenson, against Betty Lou Stevenson for divorce. Appellee filed a motion to dismiss the appeal, but in argument before this Court withdrew such motion, so that it will be unnecessary for this Court to consider the same.

Appellant first contends that appellee failed to establish upon full and satisfactory evidence that he had been an actual bona fide inhabitant of the State of Texas for a period of twelve months next preceding the filing of the suit. With this contention we do not agree. After reading the statement of facts and considering the entire record, we have concluded that the implied finding by the trial court that appellee was an actual bona fide inhabitant of the State of Texas for the required statutory period is supported by full and satisfactory evidence in spite of some apparent contradictions in appellee's testimony. It will not be necessary, in view of our holding, to discuss the evidence upon which our conclusion is based.

Appellant asserts that the trial court erred in granting appellee a judgment for divorce because there is in the record no full and satisfactory evidence that appellant had been guilty of excesses, cruel treatment or outrages towards appellee of such nature as to render their living together insupportable, or that any conduct of appellant that may have caused appellee mental distress was studied, willful and deliberate, or intended to cause him any mental pain. These assignments are sustained.

The evidence shows that appellant and appellee were married February 16, 1945 and that two children were born of their marriage. They lived together as man and

wife in California until October, 1961, when appellee moved to Galveston to accept a position on the staff of Texas A. & M. University, which was a better position than he had with the University of Southern California. Appellee's testimony concerning alleged cruel treatment by his wife is in large part his subjective interpretation of his wife's mental processes without any definite basis in fact or reference to any specific acts or events. He testified that his basic feeling was that his wife had no respect for the actual mental and physical effort which went into carrying out his work, which was that of oceanographer and meteorologist; that on many occasions he felt that she was not agreeable to his form of relaxation in the home, and that he felt she considered his form of relaxation, which was listening to music and reading, as ridiculous; and that on one occasion when he was writing poetry she pointed out to him that this indicated that he had the living habits of a "beatnik". Appellee freely admitted he was a non-conformist.

He also testified that in 1959 his wife read a letter which his former secretary had written to him, and that she had considered it as being indicative of a rather close association with his secretary and of an affair with her. Nowhere in the record does appellee claim that his wife's interpretation of the letter was unreasonable or that she was not justified in any accusation she may have made. Moreover, there is no evidence that appellee's feelings were disturbed over his wife's interpretation of such letter or that she had ever mentioned the letter again or had persisted in her wrong interpretation.

Appellee also testified to the telephone and doorbell ringing and of visitors in his home, and that he had recommended to his wife that the home be made as quiet as possible so that he could study. When living in Fullerton, California, appellee's work was 35 miles from his home. He testified that the drive to work and the return drive in the evening created tensions in him. Certainly his wife was not responsible for such tensions. He also testified that because there were constant interruptions, telephone calls, lady visitors, and ladies' bridge parties, things of that sort—his wife being active in community affairs—he recommended that people be notified of the fact that he was home, so that they would not be coming in and out. The evidence shows that he was trying to do his work on the occasions when he happened to be home in the family living room although there were other rooms in the house where doubtless he could have worked as well. He further testified that his wife had certain sexual inhibitions, though he admitted that as late as July, 1962, when he took a trip to California, he had conjugal relations with her. He also complained that appellant was sometimes away from home as many as three evenings in a week in connection with her club work, and that it was his feeling that this often involved keeping her away from her family for too much time, and particularly away from him.

None of the foregoing accusations, which are a summary of appellee's complaints, even if taken as true, constitute grounds for divorce. The matters complained of by appellee are at most trivial matters or disagreements which do not constitute sufficient basis for the disruption of the marriage relation. Hyatt v. Hyatt, Tex.Civ. App.1937, 111 S.W.2d 341; McCullough v. McCullough, Tex.Com.App.1931, 120 Tex. 209, 36 S.W.2d 459; Burns v. Burns, Tex. Civ.App., 76 S.W.2d 821; Mayen v. Mayen, 177 S.W.2d 240; Rodriguez v. Rodriguez, Tex.Civ.App., 186 S.W.2d 88.

Appellee wholly failed to establish by full and satisfactory evidence excesses, cruel treatment or outrages that would render living with appellant unendurable or intolerable. Bradshaw v. Bradshaw, Tex. Civ.App., 293 S.W.2d 210; Allen v. Allen, Tex.Civ.App., 267 S.W.2d 911; Cantwell v. Cantwell, Tex.Civ.App., 217 S.W.2d 450; Golden v. Golden, Tex.Civ.App., 238 S.W. 2d 619; Garcia v. Garcia, Tex.Civ.App., 185 S.W.2d 227. Even if we assume that appellee is a highly sensitive person, there

is no evidence in the record before us showing that the actions he complains of with respect to mental cruelty, were studied, deliberate, willful or intended to injure him. While mental cruelty constitutes a ground for divorce, without proof of physical violence, it must be established that such mental cruelty was inflicted willfully or intentionally. McNabb v. McNabb, Tex.Civ.App., 207 S.W. 129; Buckner v. Buckner, Tex. Civ.App., 27 S.W.2d 311; Golden v. Golden, supra; Norvell v. Norvell, Tex.Civ.App., 194 S.W.2d 270; Humphreys v. Humphreys, Tex.Civ.App., 200 S.W.2d 453; Bartels v. Bartels, Tex.Civ.App., 227 S.W. 2d 260.

Judgment of the trial court is reversed and rendered in appellant's favor.

Reversed and rendered.