William E. GENTRY, Appellant,

v.

Ann GENTRY, Appellee.

No. 126.

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 23, 1965.

Rehearing Denied Oct. 21, 1965.

Jack E. A. White, of North, Blackmon & White, Corpus Christi, for appellant.

Lee Mahoney, of Mahoney, Shaffer & Hatch, Corpus Christi, for appellee.

NYE, Justice.

A decree of divorce was granted to appellee, Ann Gentry. The husband, William E. Gentry, appeals, contending in only one point that the appellee has wholly failed to prove by full, clear and satisfactory evidence that the husband had been guilty of such cruel treatment toward her as to render the marriage insupportable.

The parties to this action were married in 1939 and lived together as husband and wife continuously, except for a separation in 1958. A suit for divorce was filed by the wife at that time but was subsequently dismissed upon a reconciliation by the parties after approximately six months. Three sons were born to the parties, ranging in age from twelve to eighteen years. In August of 1963, the wife brought this suit for divorce and moved out of the family home, leaving the three children with the husband. Later, there was an agreement concerning the custody and visitation rights of the children and no complaint was raised on appeal as to a division of the property or to the custody of the children.

This case first came on to trial on the afternoon of March 11, 1964. Testimony was heard by the court from the two parties, the husband under the adverse party rule. The case was recessed until the afternoon of May 7, 1964, when the testimony was completed. Judgment was signed and rendered granting plaintiff her divorce on June 19, 1964. In response to the request of the husband for findings of fact and conclusions of law, the court found that the husband was guilty of excesses, cruel treatment and outrages toward the wife, of such a nature as to render their living together insupportable, and that the wife was not guilty of any conduct bringing about or causing such cruel treatment. The court concluded that the wife should be granted a divorce.

■ The rule generally applicable in divorce cases authorizes the granting of divorces only when the evidence is "full and satisfactory," and this limitation must be observed by both the trial and appellate courts in order to permit a decree to stand. Our Supreme Court held many years ago that the discretion of the trial judge in a divorce case should be subject to review by the appellate court. Jernigan v. Jernigan (1872) 37 Tex. 420, 421. See also Barrett v. Barrett, Tex.Civ.App., 368 S.W. 2d 709, 711.

■ Where the evidence is conflicting we have no authority to pass upon the credibility of witnesses, but it is our duty to "determine as to the quality of the evidence" to make certain that the evidence upon which a decree of divorce is granted is "full and satisfactory." Robinson v. Robinson, Tex.Civ.App., 235 S.W.2d 228. See also Mortensen v. Mortensen, Tex.Civ. App., 186 S.W.2d 297; Moon v. Moon, Tex. Civ.App., 186 S.W.2d 362.

The testimony of the acts or course of conduct complained of by the wife covered only about fourteen pages of the statement of facts. The evidence showed that the husband was jealous of her attentions toward their little boy. She implied that they had disagreed on occasions as to the type of medical treatment the children required. She testified that some of the conduct on the part of her husband caused her to be emotionally upset to such an extent that she became ill. But the only time that she mentions requiring a doctor was in 1958 when she had "something on the order of a nervous breakdown," because she was in favor of the boys knowing how to

hunt and fish and her husband would start a tirade about the fact that they did not need to know anything about hunting and fishing. She testified that it was not a matter of horsewhipping or anything like that. She said that their difficulty was just a lack of anything that "we had as the years went by, a lack of becoming closer." She stated that the only decisions that he ever made, were to disagree with anything that she did. He would never make any decisions and she thought that a husband and father of three children has to make a certain amount of decisions. She testified as to some religious differences that they had.

The wife testified on cross examination that she became ill in 1963; that she had an ulcer brought on by emotional strain. She was working at the time, however such illness did not require her to take any time off from work. Quoting directly from the testimony, the attorney for the wife questioned her:

"Now, Ann, well you at this time, in your own words, your own way, tell the court why it was in August of last year you separated, and the reason for the separation and wanting a divorce?

"A: Well, of course it is difficult to do so briefly, but I can say that from the time Mr. Gentry came home from service (World War II) when he told me he had grown up, he had to show he had grown up by disagreeing; almost continually disagreeing with everything I said and every suggestion I made, and down through the years so it has been until finally some six years ago, it came to the point I could no longer endure the emotional strain of living under those conditions. After the separation (1958) and finally going back together we have lived in the same house for the past six years, but again the situation has become so I can no longer live like that. *We talked it over and both agreed on a separation and finalizing it by divorce. That is*

*why we separated and why I left home. It was a mutual thing. We talked that over and both agreed on it,* and I want to point out there was no suggestion of desertion or abandonment, or anything like that." (Emphasis supplied.)

None of the foregoing, which is a summary of nearly all of the wife's complaints prior to their separation, even if taken as true, satisfy the "full and satisfactory" evidence necessary for a divorce. The matters complained of by the wife are at most disagreements which do not constitute sufficient basis for the disruption of the marriage relation. Hyatt v. Hyatt, Tex. Civ.App.1937, 111 S.W.2d 341; McCullough v. McCullough, Tex.Com.App., 1931, 120 Tex. 209, 36 S.W.2d 459; Burns v. Burns, Tex.Civ.App., 76 S.W.2d 821; Mayen v. Mayen, Tex.Civ.App., 177 S.W.2d 240; Rodriguez v. Rodriguez, Tex.Civ. App., 186 S.W.2d 88.

The wife admitted in her brief that she did not allege or attempt to prove any physical violence to her person on the part of the husband. Even if we assume that the wife was a highly sensitive person with sensitive feelings, there was no evidence in the record before us showing that the actions she complained of with respect to mental cruelty were studied, deliberate, willful or intended to injure her. Cruelty has been defined as the willful, persistent infliction of unnecessary suffering, whether in realization or apprehension, whether of mind or body, to such an extent as to render cohabitation dangerous and unendurable. The term comprehends conduct endangering life, limb or health or productive of mental anguish, and conduct of a nature utterly destructive of the purpose and object of the marital relationship. 3 Spears Marital Rights in Texas, § 815, P. 130. While mental cruelty constitutes a ground for divorce, without proof of physical violence it must be established that such mental cruelty was inflicted willfully or intentionally. McNabb v. McNabb, Tex. Civ.App., 207 S.W. 129; Buckner v. Buck-

ner, Tex.Civ.App., 27 S.W.2d 311; Norvell v. Norvell, Tex.Civ.App., 194 S.W.2d 270; Humphreys v. Humphreys, Tex.Civ.App., 200 S.W.2d 453; Bartels v. Bartels, Tex. Civ.App., 227 S.W.2d 260; Stevenson v. Stevenson, Tex.Civ.App.1964, 383 S.W.2d 92.

The undisputed testimony of both parties showed that the husband and wife had been married some twenty-five years and had been equally active as leaders in their church. The husband had been a leader in Little League baseball activities and was manager of a team in which the youngest boy had played for the past two years. There was no specific reason stated in the testimony by either party as to what caused the separation in 1963. The wife's own mother testified that she had been taking care of the parties' children for the past eight years. That she kept house, washed, ironed, cooked and mended clothes and was in their home nearly every day. The mother-in-law was called as a witness for the appellant husband, and was asked her opinion of Mr. Gentry as a father. She stated:

"Well, none of us are perfect, but I have never see one more perfect than he is. * * *"

She testified to the effect that the appellant husband was a fine, Christian man, a good father, and that her daughter, the appellee, had made no complaints about him to her.

■ In each case the evidence must be examined in the light of the nature, object and importance of the marriage contract. Although the law regards marriage relation as based on civil contract, the interests of society, and the welfare of the children demand that such relation shall not be lightly regarded nor dissolved except for good and sufficient cause. 20 Tex.Jur.2d § 137, p. 479.

We have read the entire statement of facts and have concluded that the evidence in this case is insufficient as a matter of law to show cruel treatment under Article 4632, V.A.C.S. This article provides inter alia, that the decree of divorce shall be rendered "upon full and satisfactory evidence." The requirement of full and satisfactory proof is applicable in the Court of Civil Appeals as well as it is in the trial court. Christoph v. Sims, Tex.Civ.App., 234 S.W.2d 901, writ ref., n. r. e.; Mayen v. Mayen, supra.

■ This Court, not only has the power, but it is its duty to pass upon the issue of whether the evidence in the case is full and satisfactory. Gomez v. Gomez, Tex.Civ. App., 234 S.W.2d 941; Robinson v. Robinson, supra; Christen v. Christen, Tex.Civ. App., 333 S.W.2d 472, and authorities cited. Bell v. Bell, Tex.Civ.App., 389 S.W.2d 126.

■ "The rule in this state, as well as in others, is that parties cannot be divorced for incompatibility, or because they lived unhappily together, or merely because they possess unruly tempers, or for marital wranglings." McNabb v. McNabb, supra, Hausladen v. Hausladen, Tex.Civ.App., 388 S.W.2d 952.

We hold that the wife wholly failed to establish by full and satisfactory evidence excesses, cruel treatment or outrages that would render living with the husband unendurable or intolerable. The evidence fell short of being "full and satisfactory" and was, therefore, insufficient to establish such cruel treatment as would constitute a statutory ground for divorce. Appellant's point is sustained. Bradshaw v. Bradshaw, Tex. Civ.App., 293 S.W.2d 210; Allen v. Allen, Tex.Civ.App., 267 S.W.2d 911; Cantwell v. Cantwell, Tex.Civ.App., 217 S.W.2d 450; Golden v. Golden, Tex.Civ.App., 238 S.W. 2d 619; Garcia v. Garcia, Tex.Civ.App., 185 S.W.2d 227.

For the reasons stated, the decree of the court below is reversed and judgment here rendered that appellee be denied a divorce.

Reversed and rendered.