COUNTISS, Justice.
This is a divorce case. Appellant Dawn Marie Richards Brown appeals from a judgment granting appellee Horace Brown a divorce, on grounds of cruelty, and voiding two post-marital agreements. Dawn Marie attacks the judgment by questioning the sufficiency of the evidence to support findings that (1) she was guilty of cruel treatment and (2) the agreements are void. We affirm.
Horace was a 70 year old retired widower from West Texas with several hundred thousand dollars in the bank and several hundred acres of farmland. Dawn Marie was a 46 year old divorcee from Denver. They met by correspondence through a pen *529 pal club and married after a whirlwind courtship. Unfortunately, the marriage lasted only slightly longer than the courtship.
Horace sued for divorce, alleging cruelty by, and incompatibility with, Dawn Marie. He testified that her treatment of him, and the rapidity with which she spent his money, made him ill.[1] He also testified that there were some aspects of the post-marital agreement, by which he bestowed certain financial benefits on Dawn Marie, that he didn’t understand.
After hearing the evidence, the trial court found, as pertinent here:
1. That Respondent [Dawn Marie] is guilty of cruel treatment toward Petitioner [Horace] of a nature that renders further living together insupportable.
* * * * * *
7. That Respondent has not proven by clear and convincing evidence that Petitioner gave informed consent and that the [post-marital] Agreements were not procured by fraud, duress or overreaching.
The court then granted the divorce, voided the post-marital agreements and granted other relief.
By her first point of error, Dawn Marie says the trial court erred in finding that she was guilty of cruel treatment toward Horace because “the alleged cruelty was of a most tenuous and minor nature.” We construe the point to be an attack upon the factual sufficiency of the evidence to support the finding that she was guilty of cruel treatment. Therefore, and because Horace had the burden of proving the statutory cruelty elements, Tex.Fam. Code Ann. § 3.02 (Vernon 1975),[2] by a preponderance of the evidence, O. Speer & L. Simpkins, Texas Family Law § 5:91 (5th ed. 1975), we will test the factual sufficiency of the evidence by the standards stated in In re King’s Estate, 150 Tex. 662, 244 S.W.2d 660, 661-62 (1951) and Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.1965). Those decisions direct us to examine the entire record to determine whether there is some probative evidence to support the findings and whether, considering all of the evidence, the findings are not clearly wrong and unjust.
The cruelty for which we are seeking evidence was defined in various pre-Family Code cases as willful and persistent infliction of unnecessary suffering, whether in realization or apprehension, whether of mind or body, Gentry v. Gentry, 394 S.W.2d 544 (Tex.Civ.App.-Corpus Christi 1965, no writ); Norvell v. Norvell, 194 S.W.2d 270 (Tex.Civ.App.-Amarillo 1946, writ dism’d), and as acts that endanger or threaten life, limb or health of the aggrieved party and inflict mental anguish. Gentry v. Gentry, supra; McDonald v. McDonald, 316 S.W.2d 780 (Tex.Civ.App.-Fort Worth 1958, no writ); Daughtry v. Daughtry, 312 S.W.2d 957 (Tex.Civ.App.-Amarillo 1958, no writ). There being nothing in the Texas Family Code or subsequent case law to suggest that those definitions are no longer viable, we will use them to measure the activities described in this record.
Horace testified that the marriage encountered problems from the outset and was a stormy situation most of the time. Although Dawn Marie did not physically abuse him, he said she talked to him like he was dirt, hurt his feelings, made him nervous, refused at times to let him touch her, did little or no housekeeping or cooking, didn’t like visits from the neighbors, and was very extravagant with his money. As a result, they quarreled and he developed stomach trouble. Horace’s doctor corroborated Horace’s testimony about his stomach trouble, stating that upon examining Horace soon after the marriage he found Horace to be weak and nervous, with acid irritation of the stomach and gastritis. The *530 problems were caused, said the doctor, by situational stress. A neighbor also described Horace as depressed, nervous and shaky soon after the marriage.
When Dawn Marie was asked whether she made Horace nervous, she said, “No, sir. Far to the contrary.” She also denied quarreling over money, speaking to him like dirt, fussing about the neighbors, or spending extravagantly.
The trial court was entitled to believe the evidence tendered by Horace, his doctor, and his neighbor, and was entitled to conclude from it that Dawn Marie had inflicted upon Horace willful and persistent unnecessary suffering and mental anguish, endangering Horace’s health. Thus, we cannot conclude that the evidence is insufficient or the finding clearly wrong and unjust. Point of error one is overruled.
Our disposition of point one renders point two moot. The post-marital agreements in question state that they are “null and void” if the marriage is terminated because Dawn Marie is guilty of cruelty as set out in Chapter 3 of the Family Code. Because Dawn Marie must be fault-free in order to enforce the agreements, all counsel agreed at oral argument that any discussion of the agreements is immaterial unless Dawn Marie prevails on her first point. She has not; accordingly, point of error two is overruled.
The judgment is affirmed.

. According to Horace’s calculations, Dawn Marie spent an average of $675 per day during the time they lived together.

. Section 3.02 requires evidence of two elements: (1) cruelty (2) that renders further living together insupportable. Dawn Marie does not question the insupportability of the marriage; however, she says she wasn’t cruel. Thus, we will confine our review to evidence of cruelty.